HIRAM JOY, AUGUSTE FRISBIE *et al.*, Appellants, *v.* NICHOLAS BERDELL, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

Although a deed from an assignee in bankruptcy under the law of Congress recites that three notices were posted of the intended sale, and also an advertisement in a newspaper not sufficient under the rule, yet the deed will be sufficient, (where the property sold for a small amount), inasmuch as the assignee had a discretion under the rule of court, as to the latter notice.

If the deed from the assignee had the requisite recitals, and a copy of the decree is produced, it will be conclusive, on a trial in ejectment. If the assignee was negligent, or conducted improperly, the wrong must be corrected in equity.

In ejectment, the party must succeed upon his title, as it was when the suit was commenced; a subsequently acquired deed will not aid him.

THIS was an action in ejectment, brought by appellee against appellants, to recover Lot 23, in Block 30, School Section Addition to Chicago.

There was a plea of the general issue by all of defendants, October 11, 1858.

The declaration avers that plaintiff was, on the 1st day of January, 1857, possessed of and had a fee simple right in and to the premises. Avers entry June 1st, 1857. Another count, claiming west $\frac{24}{40}$ of the premises.

There was a trial, and verdict of guilty as to all of defendants, October 13th, 1859. GOODRICH, Judge, presiding.

Appeal prayed and allowed.

The bill of exceptions states that the plaintiff introduced evidence which showed title to the premises in question in J. M. Turner, and then offered in evidence a deed from said Turner to

Jeremiah Briggs, dated November 17, 1836 ; deed and acknowledgment are set out in full in the ordinary form.

The bill of exceptions further states that the plaintiff then offered and gave evidence, which showed the title of said Briggs to have passed to William W. Saltonstall, assignee in bankruptcy of said Briggs. The plaintiff then gave in evidence a written stipulation by the counsel, as follows :

The undersigned, counsel for the defendants in the above cause, hereby stipulate that they will allow the following deeds and papers to go in evidence to the jury on the trial of said cause, without requiring the originals of which they are copies to be produced, or be accounted for, and that they shall have the same effect and weight that the originals would have, and no more :

1.   Copies of first patent for land in question to Russell E. Heacock.

2.   A subdivision of the land which includes that in question by said Heacock.

3.   A deed from said Heacock and wife to Francis Blanchard, conveying land including that in question.

4.   The subdivision of land last above as conveyed to said Blanchard.

5.   A deed from said Blanchard to Thomas Jenkins, conveying land in question.

6.   A deed from said Jenkins and wife to John M. Turner, for land covering and including the land in question.

7.   John M. Turner and wife to Jeremiah Briggs, conveying the land in question.

8.   William W. Saltonstall's deed as assignee in bankruptcy of said Briggs to Nicholas Berdell, the plaintiff, and that this deed shall be evidence of the recitals therein, without sustaining the same by any record or proceedings, and also copies of all the deeds under the tax sales of said land, under which the said Berdell claims the land in controversy, mediately or immediately. But this stipulation it not to prevent the defendants from making any objections which they would be entitled to make, if the original of such deeds and papers were produced in evidence.

The originals to be produced in all cases where they can be obtained, it being the intention only of the counsel to waive the necessity of affidavits as to search, etc., and inability to obtain originals. The statement of counsel that the originals are beyond his control, or cannot be obtained by him, will be sufficient.

A certified copy of the final decree of the court, discharging

said Briggs as a bankrupt, is set out in full. The decree is in the usual form, and was entered July 12, 1842.

That plaintiff then offered in evidence a deed from said Saltonstall, as assignee aforesaid, to the plaintiff, Nicholas Berdell, which is set out in full.

This deed, after reciting the decree of the District Court, declaring said Briggs a bankrupt, and appointing Saltonstall his assignee, proceeds as follows :

" And whereas I, the said William W. Saltonstall, appointed assignee of the said Jeremiah Briggs, a bankrupt, in and by virtue of the decree aforesaid, have complied with the provisions of said decree, and of the thirty-sixth rule in bankruptcy of said honorable court, by filing with the clerk of said court my sufficient bond, in the penal sum of one hundred dollars, with two sufficient sureties, approved by the public commissioner, and which said bond is in the form prescribed by the thirty-seventh rule in bankruptcy of said honorable court, and have complied with all other the requisitions and directions of said decree, and of said thirty-sixth and thirty-seventh rules in bankruptcy, and with all other the rules in bankruptcy of said honorable court, so far as the same apply to, or are binding and incumbent upon me ; and have also complied with all the provisions of the fifty-first rule in bankruptcy of said court, so far as the same applies to me, and have, in conformity to the directions in said rule, sold all my right, title and interest as such assignee, in and to the property hereinafter described, at public auction in said county of Cook, having first given fourteen days' notice of such sale, by advertising in the ' Chicago American,' a newspaper published in the county of Cook aforesaid, and also by fixing up three notices of such sale in three of the most public places in said county of Cook, for more than twenty days prior to such sale, at which said sale hereinafter named, Nicholas Berdell became the purchaser of said property.

" Now, therefore, know all men," etc. Here follows the conveying clause, etc., conveying to plaintiff the land in controversy. Then following the habendum clause is the following : " This deed is made to correct errors made in a former deed made by me to said Berdell, dated October 6th, 1842, and recorded in book 78, p. 132.

" In witness whereof, I, the said William W. Saltonstall, assignee as aforesaid, have hereunto set my hand and seal this seventeenth day of October, in the year of our Lord one thousand eight hundred and fifty-nine.

WM. W. SALTONSTALL, [SEAL.]<br>Gen'l Assignee for Cook County."

This deed was acknowledged on the 21st day of October,

A. D. 1859; acknowledgment in the usual form, but Saltonstall is not described as assignee in the acknowledgment.

The counsel for the defendant read to the court, from a printed pamphlet, purporting to be rules of the U. S. District Court for the Northern District of Illinois, in bankruptcy, the following rules, to wit: (rules 36 and 37, providing for the appointment of a general assignee in each county, for the giving of a bond by such assignee, and prescribing the form of the bond,) "Rule 51. It shall be the duty of the assignee of the bankrupt to make sale of all the right, title and interest of the bankrupt, whether equitable or legal, in and to any real estate, wheresoever situated, with all due diligence, having due regard to the interests of the creditors, (unless some one of said creditors shall, previous to the time appointed for such sale, file with the assignee his written dissent thereto, when it shall be the duty of such assignee to refer the matter to the court,) and that the sale of said real estate or any estate therein, be made either for cash, or upon a credit not exceeding one and one-half years, as the assignee shall deem most advisable, and upon the premises to be sold, or at some public sale, as said assignee shall deem best for the interest of said estate; at least twenty days' notice of the time, place and terms of sale, being first given, by affixing up at least three notices, and also by publication in some newspaper nearest the premises, when, in the opinion of the assignee, the property is sufficiently valuable to justify the expense of such publication."

Which said pamphlet was used by counsel for both parties, as containing the said rules in bankruptcy, and said rules were read from said book, without objection.

Defendants' counsel objected to the introduction of the last mentioned deed, for the reasons following:

1. The deed misrecites the authority under which the same was made.

2. Because said deed shows upon its face that but fourteen days' notice of the sale of said property was given, whilst twenty days are required by law, and by the rules aforesaid.

3. Because said deed is otherwise informal and insufficient.

Said objections were overruled by the court, and the deed read in evidence.

The oral testimony is omitted, as not bearing upon the points decided.

The motion for new trial was asked, for the reasons following:

Because improper evidence was allowed to go to the jury.

Because proper evidence was excluded from the jury.

Because the court refused to give the 1st and 2nd instructions asked by the defendants.

Because the court erroneously gave the instructions asked by plaintiff.

Because the verdict is contrary to the law and the evidence.

Defendants assign for error the same as the reasons for a new trial; also that the court erred in not granting them a new trial.

Goudy & Waite, for Appellants.

B. S. Morris, for Appellee.

Walker, J. At the September term, 1858, appellee filed a declaration and notice in ejectment, made proof of service, and obtained the usual rule to plead within twenty days. Defendants filed the general issue, and a trial was subsequently had before the court and a jury, which resulted in a verdict and judgment against appellants. A motion for a new trial was entered and overruled, and this appeal is prosecuted to reverse that judgment.

The assignment of errors questions the sufficiency of the deed from Saltonstall to appellee, and is principally relied upon for a reversal. The deed recites that the assignee, after complying with the rules of the District Court, proceeded to sell the lot in controversy at public auction, and that appellee became the purchaser. It also recites that the assignee first gave fourteen days' notice of the sale by advertising in the " Chicago American," a newspaper published in the county of Cook, and likewise by fixing up three notices of such sale, in three of the most public places in the county of Cook, for more than twenty days prior to the sale. It is insisted, that by this latter recital the latter clause of the fifty-first rule in bankruptcy, of the District Court for the State of Illinois, was violated. That rule requires that the assignee shall, in selling real estate of the bankrupt, give at least twenty days' notice of the time, place and terms of the sale, by fixing up at least three notices; and also by publication in some newspaper nearest to the premises, when in the opinion of the assignee the property is sufficiently valuable to justify the expense of such publication.

It will be observed that the first of these clauses imperatively requires the posting up of three notices in the most public places in the county, for at least twenty days, and the recital in the deed shows that this requirement was fulfilled. The other is discretionary with the assignee, and if in his judgment it is not warranted by the value of the property, it may be entirely omitted. Having this discretion to omit altogether the advertisement, we can see no reason to invalidate the deed if the act was only performed in part, by the advertisement for only four-

teen days. When we see that the property only sold for the small sum of three dollars, we may conclude that the discretion would have been well exercised had the advertisement been entirely omitted. When the small value of the property is considered, we can see no harm resulting to any one in exercising a discretion to advertise only fourteen days or to have wholly omitted it.

Again, the fifteenth section of the bankrupt act provides, that a copy of the decree of bankruptcy and appointment of the assignee shall be recited in the deed of lands belonging to the bankrupt, sold and conveyed by the assignee under the act. That "all deeds containing such recital, and supported by such proof, shall be effectual to pass the title of the bankrupt of, in and to the lands therein described, to the purchaser, as fully to all intents and purposes as if made by such bankrupt himself, immediately before such order." The proof here referred to is declared by this section to be a certified copy of the order declaring the applicant a bankrupt, and the appointment of the commissioner. This language is clear, explicit and comprehensive. It dispenses with proof of advertisements, notices, and other requirements of the law, and the rules of the court. From this provision it is apparent that it was the design of the law makers to dispense with all mere technicalities. If essential requirements have been omitted, or even gross negligence or fraud itself has occurred in conducting the sale, if the deed contains these recitals, and a copy of the decree is produced, under this act, in this proceeding the deed is admissible, unless otherwise defective.

If the assignee was guilty of such negligence of duty, or had committed such a fraud as would have invalidated the sale, any creditor of the bankrupt might have had it set aside on motion in the District Court, or obtained the same end by a bill in equity. This deed contains the recital of a copy of the decree in bankruptcy, and the appointment of the commissioner, and the statute having declared it sufficient when supported by a copy of the order, its requirements must be obeyed. If accident, mistake or fraud has occurred, equity alone has the power to afford the relief to the proper parties, upon a sufficient case being made.

In this case it will be observed, that the declaration was filed and the rule obtained for a plea, on the 16th day of September, 1858. The deed from Saltonstall, the assignee, to appellee, bears date on the 17th day of October, 1859, one year and a month after the suit was docketed. No rule is better or more generally recognized and applied, than that the plaintiff in ejectment must recover on a legal title, and that a mere equi-

table title will not suffice in such a proceeding. Now, if it were conceded that the sale was made precisely as stated in the deed, and no conveyance had been made, a recovery could not be had until a deed was executed. It is the sale, and a compliance with its terms which vests the equitable title, but it is the conveyance which alone passes the legal title. As the party must succeed or fail on the title he has at the commencement of the suit, and as the deed conveying the legal title bears date after that time, a recovery could not be had. The court below should therefore have given the first and second of appellant's instructions, as the right to recover was not shown by this deed. The judgment is reversed, and the cause is remanded.

*Judgment reversed.*