THOMAS O. DAVIS v. LUCINDA H. RHODES.

1. EVIDENCE: CERTIFIED COPIES OF FOREIGN DEEDS.—Art. 228, p. 516, of the Rev. Code, which allows the introduction in evidence of certified copies of deeds and other instruments properly proven and recorded, according to the laws of a sister State, where they are executed, without accounting for the non-production of the original, applies only to copies of such foreign deeds, &c., as are recorded in the proper office, according to the laws of the State where made, and certified by the clerk who is the legal custodian of such records.

2. TRUSTS: WHEN EXECUTED: CASE IN JUDGMENT.—A conveyance of a chattel in trust for the sole and separate use of a married woman for life, and upon her death that the trustee shall return the chattel to the plaintiff, vests a legal estate in the plaintiff, immediately upon the death of the tenant for life, without any return or delivery of the chattel by the trustee.

ERROR to the Circuit Court of Hinds county.   Hon. John Watts, judge.

This was an action of detinue by the defendant in error against plaintiff in error, to recover possession of a slave named Laurinda. Pleas, not guilty, and Statute of Limitation of six years.

The plaintiff below claimed title to the slave, by virtue of a deed in trust executed by Benjamin F. Rhodes as grantor, and Henry J. Davis as trustee, in Lauderdale county, Ala., in the year 1847. This deed appears to have been acknowledged by the parties before the clerk, and to have been entered on the minutes of the Circuit Court of said county and State. Plaintiff offered in evidence a copy of said deed, certified by the clerk of that court, without accounting in any way for the non-production of the original. This copy, against the objection of the defendant, was read in evidence to the jury.

The deed is a conveyance by B. F. Rhodes to H. J. Davis of the slave in controversy, but "upon trust, in the first place, for the sole and separate use and benefit of Nancy Davis, free from the control of her present or any future husband, and, upon her death, then upon trust to return the said slave Laurinda and her increase to the said Benjamin F. Rhodes, if he be then living,

and if he be dead, said slave and her increase shall be returned to Lucinda H. Rhodes, [the plaintiff below,] the wife of the said Benjamin F. Rhodes;" but should said Benjamin and said Lucinda both die before said Nancy Davis, "then the said Henry J. Davis shall pay and divide the said Laurinda and her increase among all and every the child or children of the said Benjamin F. and said Lucinda that may be living at the death of the said Nancy Davis."

The plaintiff proved the deaths of said Nancy Davis and of Benjamin F. Rhodes, before the commencement of her suit.

The defendant resisted the recovery by plaintiff upon the ground that it was not proven that the slave had ever been returned by the trustee to plaintiff, or that plaintiff was ever in possession of the slave after the death of the first taker, Mrs. Davis, and insisted that without delivery by the trustee, or possession by plaintiff, the legal title still remained in the trustee, and that plaintiff could not recover; and asked for instructions, including the eighth noticed in the opinion of the court, embracing these propositions. The court refused so to instruct; but on behalf of plaintiff charged the contrary propositions to be the law.

The plaintiff had judgment, and defendant sued out this writ of error.

*Johnston* and *Shelton*, for plaintiff in error.

Without adverting to the insufficiency of the depositions, we say that it was clearly erroneous to permit the copy of deed of gift or trust-deed to go to the jury. The original was not produced, nor was its absence attempted to be accounted for. Is the copy admissible? Clearly not. The copy purports to be taken from the minutes of the Circuit Court of Lauderdale county, Ala., where the instrument was *acknowledged.* The certificate to the copy ought to have come from the officer who *recorded* the deed, not from the court where the execution was acknowledged. Instruments of writing, in Alabama, which are required to be recorded, are directed to be recorded by the clerk of the County Court. No law required this deed to be recorded. Clay's Dig. 154, sec. 18; Id. 254, sec. 2. To show the court here that the

court below erred in refusing to give the sixth instruction asked for by defendant below, we refer to the statute of Mississippi, Hutch. Dig. 609, 610. It was clearly erroneous to refuse the eighth instruction which defendant below requested the court to give. The deed vested the legal title to the slave in Davis, the trustee, with full directions how he should act, as trustee, and what disposition he should make of the property. So long as any act remained to be performed by the trustee, under the deed, he was the only party who could sue. The trustee here was, amongst other acts, required by the deed, after the death of Mrs. Davis and B. F. Rhodes, to return the slave to the plaintiff below. There was no evidence on the trial below that the slave *had* been in the possession of Mrs. Lucinda H. Rhodes, who brought suit for the slave. Our eighth instruction merely asked the court to say to the jury that this act of the trustee and this possession of plaintiff below (so indispensable to a maintenance of the suit) should not be *presumed* by the jury; but that it was a fact to be proven by competent testimony. That eighth instruction was refused. It is a fatal error. Essential facts of this character cannot be presumed. The plaintiff had no right to sue, having no possession, according to the proof.

*John W. Robb,* for defendant in error.

The first error assigned by plaintiff in error is, that the court erred in admitting the depositions, and exhibit A, of Daniel A. Reeder and Henry J. Davis.

The objection of counsel for the plaintiff in error only extends to the admissibility of the certified copy of the deed of trust. Upon this point the court is referred to the Rev. Code, p. 516. By the laws of Alabama deeds to personalty may be acknowledged and recorded either in the Circuit or County Court. This deed was properly recorded, and comes properly certified from the custodian of the record. This is an answer to the first and second assignment of errors.

The third and fourth assignment of errors consist of objections to the instructions given by the court for the plaintiff below, and to the refusal of the sixth and eighth instruction asked for by the plaintiff in error. The sixth instruction was properly refused.

The deed of trust was executed in Alabama, and the statute referred to in Hutch. Dig. can have no application. See the decision of High Court in the case of *Harris* v. *McLaran*, 1 George, 533.

The eighth instruction, which was refused by the court, is not law. By the terms of the deed of trust, it was not necessary that the trustee should perform any act in order to vest the legal title in the plaintiff below. The objects of the trust had been accomplished, and upon the death of Mrs. Davis and B. F. Rhodes the legal title was in the defendant in error; and no act was necessary upon the part of the trustee to perfect it. The words, "*to return,*" in the deed, were not descriptive of an act necessary to be done by the trustee to vest the legal title, but were used in order to designate the person who was, after the death of Davis and Rhodes, to have and hold the legal title. The court therefore did not err in refusing the eighth instruction, nor in giving the instructions asked for by the defendant in error.

SMITH, C. J., delivered the opinion of the court:

This suit was brought by the defendant in error to recover a slave alleged to be in the possession of the plaintiff in error.

The defendant in error claimed title to the slave by virtue of a deed executed by one Benj. F. Rhodes, by which the said slave was conveyed to Henry J. Davis in trust, for the sole and separate use and benefit of the wife of the grantor for and during the term of her natural life, and, after her death, if the grantor should then be living, to be returned to him; but, in the event he should not survive his wife, then to be delivered to the defendant in error. This deed was duly proved before the Circuit Court of Lauderdale county, in the State of Alabama, where the parties then resided; and was recorded upon the minutes of said court.

On the trial in the court below, the defendant in error offered in evidence, as the foundation of his title, a copy of this deed, certified by the clerk of the said Circuit Court of Lauderdale county, to the admission of which the plaintiff in error objected; but his objection was overruled, and the copy was read to the jury. Whereupon he excepted, and now assigns this action of the court for error.

The instrument in question was doubtless a deed or "convey-

ance," which, under the statute of Alabama, might have been proved and recorded in the proper office. But, while this is true, it is also true that, although instruments of this character may be proved in the Circuit Courts of the several counties, they must be recorded in the office of the clerks of the County Courts, and are not recordable in the Circuit Courts. The clerks of the County Courts are the proper and legal custodians of the records of all deeds for the conveyance of either real estate or personal property. Clay's Dig. 153, 154, 302, sec. 26. And hence are the only parties who are authorized to certify copies of the record of such instruments.

The paper offered in this case as the copy of the record of the deed, with the certificate of the clerk of the Circuit Court of Lauderdale county appended to it, was clearly not admissible as evidence without any attempt to account for the non-production of the original, under the statute of this State which provides that copies of the record of any deed, bond, and other writing required or permitted to be recorded by the laws of this State, or of any other State or Territory of the United States, shall, when certified by the clerk in whose office the record is kept, under his seal of office, be received in evidence in all courts in this State, without accounting for the absence of the original. Rev. Code, p. 516, Art. 228.

It appears, from the record, that no attempt was made to account for the non-production of the deed of which the paper offered in evidence purported to be a copy. It should, therefore, have been excluded; and its admission was error.

It is also insisted that the court erred in the instructions given to the jury at the instance of the defendant in error; and in refusing the eighth instruction asked in behalf of the plaintiff in error.

We perceive no error in either case. The eighth instruction for the plaintiff in error, and to which our attention has been particularly directed in the argument of counsel, is based upon the assumption that a delivery of the slave in controversy by Davis, the trustee, to the defendant in error, was essential to divest the title of Davis, and to vest the legal title in the defendant in error.

The interest which, under the deed, vested in the defendant in error upon the death of Mrs. Nancy Davis and of the grantor, was, without doubt, a legal estate, and not a use in the subject of the conveyance, the legal title to which would remain in the trustee. Davis held the naked legal title in trust for Mrs. Davis, during the term of her natural life. Upon her death his relation of trustee ceased. His only remaining duty was to deliver the slave to the party who would take in remainder under the conditions prescribed in the deed. The plain and unmistakable meaning and intention of the instrument were, that if Mrs. Nancy Davis should survive the grantor, and then die during the lifetime of the defendant in error, the slave and her increase should vest absolutely in the latter, whose title would be derived directly from the deed, and not from a conveyance or any equivalent act to be performed by the trustee, whose naked legal title would determine upon the death of Mrs. Nancy Davis.

Placing this construction upon the deed, it is clear that there was no error in refusing the instructions requested in behalf of the defendant in the court below. But, for the error above pointed out, we reverse the judgment, and remand the cause for a new trial.