### JOHN F. NOBLE AND OTHERS *vs.* ALI ANDREWS.

Certain real estate held by *N* under a will in trust for his wife during her life and for her heirs after her death, was sold by *N* and the proceeds invested in an equity of redemption in certain other real estate which was conveyed to him as trustee for his wife. On a petition brought by her children claiming certain equitable rights in the property so purchased by *N*, the equity of redemption in which had been foreclosed in a suit to which they were not parties, it was held that they had no interest in the property in question, their original right in the trust property sold by *N* being in no manner affected by the sale.

BILL IN EQUITY, brought to the Superior Court in Fairfield County, and reserved on facts found for the advice of this court. The case is sufficiently stated in the opinion.

*Noble* and *Seeley*, for the petitioners.

*Sturges*, for the respondent.

FOSTER, J. The plaintiffs, who are the children of William H. and Hannah I. Noble, found their right to relief in this case on the following clause in the last will of their grandfather, Benjamin Brooks, deceased :—

"*Third.* I give, devise, and bequeath unto William H. Noble, one of said nine portions" (the testator having directed his estate to be divided into nine equal parts, after the payment

of his debts and certain specified legacies, appropriations, &c.) " in trust for his wife Harriet, during her natural life, for her sole and separate use, and to her heirs forever, subject to the use of the same for the benefit of her husband during his life after the death of said Harriet."

A correct construction of this clause of the will gives the plaintiffs, as they say, a vested remainder in fee in one-ninth part of their grandfather's estate, subject to the life estate of their father and mother. The defendant denies this, and insists that, as Harriet J. Noble was living at the death of her father, the testator, and is still living, it can be known only at her death, for *nemo est heres viventis*, who will be her heirs ; and therefore this remainder is not vested but contingent.

If the property which is described in this bill, and which forms the subject matter of controversy in this suit, was a part of the testator's estate, and went to make up the ninth portion given by the clause of the will above quoted in trust to William H. Noble, it would doubtless be necessary, in order to settle the rights here involved, to determine whether or not the word " heirs," as here used, means children; in other words, whether this is a vested or a contingent remainder. But as this property formed no part of Mr. Brooks's estate at the time of his death, and no part, originally, of the trust estate, it may not become necessary to decide that question.

The plaintiffs however, admitting that this property was not a part of their grandfather's estate, claim that it was purchased with the trust funds of that estate, was conveyed to their father as trustee, and held by him as trustee, and that they therefore thus became vested with the same and all the same rights in it, by way of remainder and otherwise, as would have belonged to them had it formed originally part of the trust estate.

From the finding of the court below it appears that this property was duly conveyed by deed to William H. Noble on the 17th of July, 1851. Immediately after, on the same day, Noble mortgaged it to his grantors, Porter and Booth, to secure the payment of a note for $1,297.50. Subsequently,

on the 9th of October, 1855, Noble, being then the owner of the equity of redemption in the mortgaged premises, the note having been paid in part, conveyed the equity of redemption to James L. Gould in fee by deed, and Gould afterwards, on the same day, reconveyed the premises to Noble, describing him in the deed as trustee of Harriet J. Noble, his wife, under the will of Benjamin Brooks, deceased. And subsequently, on the 22d of February, 1860, Noble conveyed the equity of redemption to Frederic Frye, who afterwards, on the same day, reconveyed the same to Noble, describing him as trustee, &c. Prior to the execution and delivery of the deed by Noble to Gould, Noble had received between seven and eight hundred dollars, the avails of certain real estate sold by him belonging to the estate of Benjamin Brooks, and the object of these conveyances to Gould and Frye, and their reconveyances to Noble, was to invest the funds thus acquired in this equity of redemption for the benefit of these plaintiffs; the conveyance to Frye, and his reconveyance, having been made to correct certain errors and mistakes, which, it was supposed, might affect the conveyance to and from Gould.

Now, where real property held in trust is sold by the trustee, and the avails are invested in other real estate, there can be no difficulty in holding the estate so purchased as trust estate. But William H. Noble is not trustee for these children, but only for his wife, their mother. On her death the trust ceases. A sale by him of the trust property cannot affect their interest. If they have, as is claimed, a vested remainder, it is not and cannot be divested by such sale, but continues afterwards just as it was before. The funds derived from such sales are in no sense theirs, for their interest has not been sold, or affected in the slightest degree.

The difficulty, the insuperable difficulty in the way of the plaintiffs is, the entire absence of any title to or interest in the funds which, it is said, were used to purchase this equity of redemption. Be it that they were trust funds of the estate of Benjamin Brooks, as such received and as such invested. These plaintiffs clearly are not the *cestuis que trust*, and so have no claim upon the funds, no interest in the estate in

which they may have been invested. It follows that they ought not to have been made parties to the bill to foreclose this equity of redemption, as they were not entitled to redeem the mortgaged premises.

Without deciding therefore any other questions arising on this record, it being unnecessary to do so in this view of the case, our advice to the Superior Court is to dismiss the bill.

In this opinion the other judges concurred.