## YOUNG v. BRADLEY.

1. Whatever may be the terms creating a trust estate, its nature and duration are governed by the requirements of the trust.
2. A. died in 1867. By his last will and testament he devised his entire estate to B., in trust, first, to set apart a certain house and its contents, together with one-third of the net income of his estate, to his widow for her natural life; then to divide said estate into four equal parts, and allot one to his son C., another to the children of the latter, and the remaining two to his daughters D. and E. respectively; then, upon the death of said widow, to set apart to D. and E. the house occupied by her, the same being a charge against their respective shares of the estate; next to hold the shares of said D. and E., in trust, for their sole and separate use, free from the control of their husbands, during their respective natural lives; but in the event of either of them dying without issue her share should go to the children of C. The will further provided that B. should have the largest powers and discretion in taking charge of and managing the estate, and authorized him to have, hold, direct, and control the aforesaid trust property, according to his best judgment, and to sell and dispose of the same, or any parts thereof, from time to time, subject only to the aforesaid trusts, and as freely as A. could do if living; and also in all things to have the same powers, rights, privileges, benefits, advantages as A. might have, if living, in all and any contracts, bargains, agreements, companies, or other compacts to which he, A., was a party. By consent of the parties interested, no division or distribution of the estate was made. The widow died in 1868, C. in 1869, and D. and E. in 1870, both of the latter without issue. In 1871, B., as trustee, conveyed certain parts of the real estate to F. Thereupon C.'s children filed this bill to have the conveyance set aside as null and void, and for a decree entitling them to the possession of the premises. *Held*, 1. That at the time B. undertook to sell the property to F., the trust estate created in him by the will of A. had become extinct. 2. That his powers as trustee having ceased, his conveyance to F. was void.

APPEAL from the Supreme Court of the District of Columbia.

William A. Bradley, of the city of Washington, died in 1867, leaving a last will and testament, as follows:—

"I, William A. Bradley, of the city of Washington, being of sound disposing mind, memory, and understanding, do make and publish this my last will and testament, hereby revoking all and every other will heretofore made by me.

"Item first. After the payment of my just debts and funeral expenses by my executors hereinafter named, I give, devise, and bequeath all of my estate, real, personal, and mixed, of whatever kind it may be, and wheresoever situated, to my son, William A. Bradley, Jr., and my cousin, A. Thomas Bradley, their heirs, execu-

tors, and administrators, the survivor of them, his heirs, executors, and administrators, in trust, first, to set apart the house in which I now reside, on New York Avenue, in the city of Washington, together with all and singular the household effects, including pictures, plate, books, and other chattels now therein, or therein at the time of my death, to my dear wife, to be held exclusively by her during her natural life; and out of the net income derived from my said estate of every sort to pay to her one equal third part annually, or quarter-yearly, as she may prefer, so long as she shall live.

"Next, I direct my said trustees, and the survivor of them, to divide all of my said estate immediately after my death, including that which is real, personal, or mixed, into four equal parts, as near as in their or his judgment and valuation can be done, and if they cannot agree they shall select a competent disinterested third to aid them in such division and valuation, and the decision of any two of said three persons shall determine said division and valuation; and of these parts my said trustees, or said survivor, shall allot one part to my said son, William A. Bradley, Jr.; one part to the children of my said son, now or hereafter born in lawful wedlock; one part to my daughter, Jeannette H. Linton; and one part to my daughter Sidney T. Edelin, whose portion shall embrace the property owned by me situated in Corning, Steuben County, in the State of New York, and known as and termed in my family the 'Corning property;' and if either or both of my said daughters die without issue, either before or after my death, her or their said fourth parts shall go to the children of my said son now and hereafter born, share and share alike, subject as to Sidney's portion to the subsequent provisions in this will.

"Next, upon the death of my said wife, I direct my said trustees, and the survivor of them, to add to the parts set apart to my said daughters the house specially set apart for my said wife for life, the same being an equal charge upon their portions during her said life, and charging them on their said parts each five thousand dollars for their respective interest in said property; and they or the survivor of my said trustees shall also take into possession the said household effects and other chattels, and make, according to his or their judgments, an equal distribution of the same in kind as to the whole, or in part as to some, and in the proceeds of sales as to others, among the parties entitled to take real estate under this my will, and in the same proportions.

"Next, if my said daughter Sidney T. dies before her present husband, and he survives me, and she leaves no issue, then I direct

my said trustee, and the survivor of them, to convey to said Sidney T.'s husband, Dr. Alfred Edelin in fee-simple, that part of my estate known as aforesaid as the ' Corning property.'

"Next, I direct my said trustees, and the survivor of them, to hold the portions my said daughters receive under this my will, in trust, to and for their respective, sole, and separate use, as if *femes sole*, and never married, free from the control of any present or future husbands they or either of them may ever have, and not to be in any manner subject to the control or liable for the debts of such husbands for and during their respective natural lives; and if either of them dies before or after me leaving issue, such issue shall have the mother's part, share and share alike, to be held in trust for them by my said trustees and the survivor of them, until the youngest of such issue shall attain the age of twenty years, or in the discretion of my said trustees and the survivor it may appear best to terminate said trusts; and in the absence of issue of either or both of them, then to follow the dispositions hereinbefore provided in that event; but whether with or without issue of my said daughter Sidney T., nothing shall be herein understood to prejudice the conditional estate hereinbefore provided for her said husband.

" Next, I direct that upon the division into four parts hereinbefore prescribed, my said son, William A. Bradley, Jr., or his heirs, shall have and receive his portion immediately, except only his distributive share in the personal property left to my wife for her life, and free from any and all trusts whatever contained in this will.

" Item second. I give and bestow upon my said trustees and the survivor of them the largest powers and discretion in taking charge of and managing my estate, and authorize them and the survivor to have, hold, direct, and control the aforesaid trust property according to their or the survivor's best judgment, and to sell and dispose of the same, or any parts thereof, from time to time, subject only to the aforesaid trusts, and as freely as I myself could do if living; and also in all things to have the same powers, rights, privileges, benefits, advantages as I myself have, or might have if living, in all and any contracts, bargains, agreements, companies, or other compacts to which I am now or may become a party.

" Item third. I nominate, constitute, and appoint my said trustees, and the survivor of them, executors and executor of this my last will and testament.

"In witness whereof, I have hereto set my hand and seal this seventh day of August, in the year eighteen hundred and sixty-six.

" W. A. BRADLEY." [SEAL.]

The testator's widow died in 1868, his son in 1869, and his daughters, without issue, in 1870.

Under item second of the will, A. Thomas Bradley, the other trustee being dead, undertook as surviving trustee, in June, 1871, to convey to Mark Young certain mill property in Georgetown, whereof the testator died seised. To recover it this bill was brought by the children of William A. Bradley, Jr., son of the testator.

The court below held the conveyance void for want of power in the trustee to make it, and granted the relief prayed in the bill. Young thereupon appealed to this court.

*Mr. Enoch Totten* for the appellant.

*Mr. Walter D. Davidge* and *Mr. Reginald Fendall, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

The decision of this case turns upon the construction of the powers conferred by the will on the trustees named in it.

As this question of power is the principal one in the case, a critical examination of the terms of the will as connected with the condition of the trust estate and of the *cestuis que trust*, at the time of the execution of the deed, becomes necessary.

The will begins by a declaration that the testator gives, devises, and bequeaths all of his estate, real, personal, and mixed, of whatever kind it may be, and wherever situated, to William A. Bradley, Jr., his son, and A. Thomas Bradley, his cousin, and to the survivor and his heirs in trust. Then follows the distinct declaration of these trusts, the first of which is of the house in which he lived, and its furniture, and one-third of the net income of his estate besides, to his wife during her life. He next directs that the trustees shall divide all his estate immediately after his death into four equal parts, and allot them as follows: One part to his son William, who shall receive his portion at once; one to the children then living or thereafter born to said William; one to Mrs. Linton, a married daughter; and one to Mrs. Edelin, another married daughter. The portions left to the two daughters were to include the homestead, for which each of them was to be charged $5,000 in dividing the property; " and the trustees or the survivor of my said trustees shall also take into possession the said house-

hold effects and other chattels, and make, according to his or their best judgments, an equal distribution of the same in kind as to the whole or in part as to some, and in proceeds of sales as to others, among the parties entitled to real estate under this will, and in the same proportions."

He next directed the trustees to hold the portions of his daughters in trust for their sole and separate use, free from the control of their husbands and from liability for their debts; and he provided for such disposition of their respective shares on their death that all the interest of both of them, and in fact all the beneficial interests under the will, had vested in the children of William A. Bradley, Jr., at the time the deed to Young was made by A. Thomas Bradley. This resulted from the death of each daughter childless, and the death of testator's wife and son.

By the unanimous request of the persons interested under the will, no division into four parts and no distribution of the estate was ever made. As we have already said, by reason of the death of all the beneficiaries under the will except the children of W. A. Bradley, Jr., and by the payment of all the debts of the testator, the entire interest in the estate of the testator had become vested in them; and, under these circumstances, the inquiry is, what authority had the surviving trustee to sell real estate.

The legal title, it is argued, is vested in him by the will. The power conferred by item second is as ample as language can make it, with the single limitation that it is subject to the trusts of the will. The estate vested in the trustees was designed to enable them to execute these trusts. It was not an estate to last for ever. The things to be done by the trustees were defined, and in the nature of things were to have an end.

What were the purposes for which this trust was created, and what remained for a trustee to do in execution of them?

1. They were to hold for the benefit of the widow, during her life, and see that she received the one-third of the annual income of his estate. She is long since dead, and that trust has ceased.

2. We may suppose that in making the partition and distribution, sales to equalize, and conveyance to the distributees

were necessary. The whole interest has become vested in one of the four distributees of the will, and nothing remains to be done under the trust in regard to that distribution.

3. The trustees were to hold the shares of the daughters as a protection against their husbands, and for the children of these daughters until the youngest of such children should attain the age of twenty-one years, unless in the discretion of the trustees it should appear best to terminate the trust earlier. There were no such children of the daughters, and the daughters are both dead.

There was no such control over the distributive shares of the children of W. A. Bradley, Jr., and as the whole of it has come to them, the trustees are not their trustees as they were of the widow of the testator, his daughters, and their children if there had been such.

These are all the trusts declared by the will. They were all performed, superseded, or terminated before the deed to Young was made. The trustee in making that deed was discharging no trust reposed in him and no duty required of him by the will. It is not suggested anywhere that any such purpose was in view. It is said that the property was dilapidated and needed repair. But as it belonged to Mrs. Bradley and her children, and as the will did not confer on the trustees any guardianship or control over the property of the testator's son's children after their share was allotted to them, the trustees had no power over it when it came to them by the other provisions of the will on the death of the other devisees.

The doctrine is well settled that, whatever the language by which the trust estate is vested in the trustee, its nature and duration are governed by the requirements of the trust. If that requires a fee-simple estate in the trustee, it will be created, though the language be not apt for that purpose. If the language conveys to the trustee and his heirs for ever, while the trust requires a more limited estate either in quantity or duration, only the latter will vest.

Mr. Perry, in his work on Trusts, supports by a very full array of authorities these two propositions in regard to the construction of instruments out of which trust estates arise: 1. "Whenever a trust is created, a legal estate sufficient for

the purposes of the trust shall, if possible, be implied in the trustee, whatever may be the limitations in the instrument, whether to him and his heirs or not." 2. "Although a legal estate may be limited to a trustee to the fullest extent, as to him and his heirs, yet it shall not be carried further than the complete execution of the trust necessarily requires." Perry, Trusts, sect. 312. Again, he says: "In the United States, the distinction between deeds and wills in respect to the trustee's estate has not been kept up; and the general rule is, that whether words of inheritance in the trustee are or are not in the deed, the trustee will take an estate adequate in the execution of the trust, and no more nor less." Sect. 320.

The case of *Noble* v. *Andrews* (37. Conn. 346) bears a strong analogy to the one before us in principle, where it was held that a gift to a person in trust for a wife during her life, and to her heirs for ever, subject to her husband's curtesy, conveyed to the trustee only an estate for the life of the wife, and at her death the trust ceased.

This subject is considered and the authorities fully reviewed by Mr. Justice Swayne, in *Doe, Lessee of Poor*, v. *Considine*, 6 Wall. 458. "It is well settled," says he, "that where no intention to the contrary appears, the language used in creating the estate will be limited and restrained to the purposes of its creation. And when they are satisfied, the estate of the trustee ceases to exist and his title becomes extinct. The extent and duration of the estate are measured by the objects of its creation."

We are satisfied that, at the time A. Thomas Bradley undertook to sell to Mark Young the property in controversy, the trust estate created in him by the will of William A. Bradley, Sen., had become extinct, and that his conveyance was void because his powers as such trustee had ceased.

Two minor objections are taken to the decree which require notice.

1. It is said that the amount charged to Young for the use and occupation of the property is excessive. It is a sufficient answer to this to say that the matter was referred to an auditor, on whose report the decree in that respect was based, and that no exception was taken to his report.

2. It is alleged for error also that no provision is made by the decree to refund to Young the purchase-money, amounting to about $10,000, paid by him under the contract. At first blush, this demand of Young to have his money or the property seems just.

The court below seemed to be impressed with this view of the matter, for in the order of reference to the auditor, who in that court performs the functions of a master in chancery, he was directed to report "how much, if any, of the money paid by said Mark Young to A. Thomas Bradley went to the benefit and advantage of the complainants." And he reported that none of it did. To this branch of the report there was no exception, though an effort was made, after the time for it had passed, to except to other parts of the report. So that we are concluded by that report.

But in the view we have taken of the case the sale by Bradley was utterly void. The complainants are entitled to their property and compensation for its use, and the matter of the return of the money to Young is one solely between Bradley and him, with which these complainants have nothing to do. It is not the rescission of a valid contract, in which case the parties must be placed *in statu quo*, but the recovery of property held on a void deed with a declaration of its original nullity.

*Decree affirmed.*