## FREY *v*. ALLEN.

EJECTMENT; TRUST ESTÀTE; CURTESY; PREMATURE SUIT.

Where property was conveyed to a husband, his heirs and assigns, in trust for the sole use and benefit of his wife, her heirs, free from the control of her present or any future husband, to collect the rents, issues and profits thereof and apply the same to her use, and to such uses and upon such trusts as she in writing direct; and the husband, by her written direction, executed a deed of trust of the property to secure a note made by him, and default in payment being made the property was sold, it was *held* in an action of ejectment instituted after her death by the heirs of the wife, who claimed that the equitable title to the property did not pass by the deed of trust executed by the husband by her direction, but that upon her death the title devolved upon her heirs at law:

(1) That assuming (but not deciding) this contention to be well founded, upon her death the purpose of the trust created by the deed to the husband ceased and the trust became entirely passive, and the statute of uses operated to execute the legal title of the trustee in the heirs at law and to invest them with the legal as well as the beneficial estate;

(2) But that, the conditions of curtesy existing, upon the death of the wife the husband became entitled as tenant by the curtesy; and until the termination of that estate the heirs at law had no right of entry and consequently no right to maintain ejectment;

(3) The receipt by the wife of the rents and profits of an estate, notwithstanding the interposition of a trustee for separate use, was sufficient seisin to entitle her husband to curtesy:

(4) Whether the deed of trust executed by the husband, by direction of the wife, will estop him to assert his estate by the curtesy,

*quære*; but that estate, while it exists, precludes any right or claim to possession by the heirs at law; and the action of ejectment was prematurely bought.

No. 613.  Submitted Nov. 4, 1896.  Decided November 17, 1896.

⸙ HEARING on an appeal by the plaintiff from a judgment on special verdict in an action of ejectment.  *Affirmed.*

The COURT, in its opinion, stated the case as follows:

This is an action of ejectment brought by the appellant William H. Frey, in the Supreme Court of the District to recover possession of one-half of certain parcels of land. Judgment was rendered for the defendant, Martha E. Allen, on a special verdict, and plaintiff has appealed therefrom. The verdict was, in fact, prepared for the jury, and recites at length the pertinent facts of the case, thereby obviating the necessity of a bill of exceptions.

From the recitals of the verdict it appears that the titles of the parties respectively have a common source in a deed from John W. Van Hook and his wife Emma, on February 2, 1867, to John A. Frey, "trustee, his heirs and assigns forever." The habendum clause of the deed reads as follows:

"To have and to hold the said pieces or parcels of land and premises and appurtenances unto the said party of the second part, his heirs and assigns, upon the trusts, nevertheless, that is to say, in trust to hold the same for the sole use and benefit of Leona V. Frey, her heirs, free from the control of her present or any future husband, to collect the rents, issues, and profiits thereof, and the same to apply to the use of the said Leona V. Frey, and to such uses and upon such trusts as she in writing may direct." The foregoing is followed by the ordinary covenant of warranty.

The said Leona V. Frey was the wife of the trustee, John A. Frey.

On March 18, 1868, said John A. Frey, as trustee, conveyed the said lands to Huey A. Clark and William A.

9 Ct. App.—27

Fenwick, trustees of the First Co-operative Building Association of the District of Columbia, to secure the payment of a note for $792, on the same day executed by said John A. Frey, in his own right, to Charles B. Church, treasurer of said association. The instrument is in the ordinary form of a trust deed with power of sale in default of payment of the note aforesaid. It contains this recital, after the statement of the indebtedness aforesaid: "And in order to secure the faithful performance of the condition in said sealed obligation in writing obligatory mentioned and stipulated to be performed by the said John A. Frey, the said party of the first part hereto *hath been directed to execute these presents.*"

This conveyance was read from the records of deeds, and showed the following endorsement:

" Mr. John A. Frey, trustee:

" You are hereby directed to execute the above deed of trust in compliance with the terms of the deed of the 2d of January, A. D. 1867.

" Leona V. Frey.

" Witness: Deborah E. Whitmore."

The said John A. Frey having failed to pay the secured indebtedness, the trustees, Clark and Fenwick, in pursuance of the powers conferred on them, sold the lands to the creditor association, and on November 26, 1869, conveyed them to Charles B. Church, trustee, for its benefit. October 26, 1880, Church, trustee, for a valuable consideration and at the request of the said association, conveyed the same to the same to the appellee, Martha E. Allen, who at once entered into possession.

Leona V. Frey died in the year 1870, leaving two children, John Frey and the appellant, William H. Frey. John A. Frey, trustee, the husband of Leona V. Frey, was alive at the time of the institution of the suit and of the trial.

*Mr. S. T. Thomas* for the appellant.

*Mr. E. H. Thomas* and *Mr. Ernest L. Schmidt* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. Assuming for the time being that the equitable title to the lands conveyed by Van Hook and wife, in trust, for the sole use and benefit of Leona V. Frey, did not pass by the conveyance of John A. Frey, trustee, to Clark and Fenwick, trustees, though made apparently by her direction; and that upon her death, her title devolved upon appellant and his brother, who were her only heirs-at-law, two preliminary questions are presented, the decision of each of which in his favor is necessary to the maintenance of the appellant's action in the manner, and at the time, as brought.

2. The first of these questions involves the character of the appellant's title; for, if equitable only, as contended by appellee, he has no standing in this action at law.

(1) In determining this, the words of the grant to the trustee, John A. Frey, "his heirs and assigns forever," have no controlling weight; for the nature and duration of the estate vested in him depend, not upon the terms of the grant, but upon the requirements of the trust. Where the purposes of the trust appear with sufficient clearness, as they do in this case, the language used in the creation of the estate in the trustee must be regarded as limited and restrained thereby. *Poor* v. *Considine*, 6 Wall. 458; *Young* v. *Bradley*, 101 U. S. 782, 787; *Potter* v. *Couch*, 141 U. S. 296, 309; 1 Perry on Trusts, Sec. 312.

Unquestionably, the purposes of the trust required the continuance of the legal estate in the trustee, at least until terminated by the death of the wife, Leona V. Frey, or by a conveyance under the power of appointment conferred upon her, if indeed any such power was conferred (a question we do not now decide).

(2) The trust to collect the rents and profits of the estate and apply them to the use of the wife, created a special and active trust during her life. Moreover, the limitation of the estate to the "sole use and benefit" of the wife operated, in accordance with the generally recognized policy of the law in respect of the separate estates of married women, to prevent the execution of the trust and its conversion into a legal estate. *Bowen* v. *Chase,* 94 U. S. 812, 817; *Ware* v. *Richardson,* 3 Md. 505, 549; 1 Perry on Trusts, Secs. 310, 310*a*; Bispham Eq., Sec. 99.

3. This brings us to the consideration of the second question, which is, did the surviving husband of Leona V. Fry acquire an estate in the land as tenant by the curtesy? If he did, the appellant, no matter what his ultimate right may be, would have no right of entry as heir at law until the termination of that estate, and consequently no right to maintain this action.

The original deed to John A. Frey, trustee, was made before the passage of the Married Woman's Act for the District of Columbia, and, as we have seen, contained apt words to create the separate estate of the wife as it was known to the system of laws then in force.

(1) That conveyance did not create an estate for life in the wife with remainder to her heirs, as was the case, by reason of the particular language of the instruments, in *Ware* v. *Richardson,* 3 Md. 505, and *Green* v. *Green,* 23 Wall. 486; but did create an equitable estate in fee simple which, if not divested in a lawful manner, vested in her said heirs at her decease.

(2) Where the four requisites exist, namely, marriage, seisin of the wife, issue, and death of the wife, all of which are found in this case, the law creates the estate by the curtesy in the husband immediately upon the death of the wife and without entry. "His estate is initiate on issue had, and consummate on the death of his wife." 4 Kent Comm. 29; *Rhodes* v. *Robie, ante,* p. 305.

The strictness of the wife's seisin, once deemed necessary to raise a tenancy by the curtesy, has long since ceased to be required ; and it is now generally, if not universally, held that the receipt of rents and profits of an estate, notwithstanding the interposition of a trustee for separate use, is sufficient.   4 Kent Comm. 30, 31.

(3) No matter how rigid the exclusion of the husband's marital rights may be during the life of the wife, through the terms of the trust for her separate use, yet, if at her death the trust terminates and the estate vests in her heirs, his estate by the curtesy becomes " consummate."   To exclude this right, which seems always to have been favored by the law, the intention must be plainly manifest in the instrument creating the trust estate of the wife.   *Rathbone* v. *Hamilton,* 4 App. D. C. 475, 476 ; *Smith* v. *Smith,* 21 D. C. 289 ; *Cooney* v. *Woodburn,* 33 Md. 320 ; *Carter* v. *Dale,* 3 Lea, 710 ; *Cushing* v. *Blake,* 30 N. J. Eq. 689, 696 ; *Meelly* v. *Lancaster,* 47 Ark. 175, 178 ; 1 Perry on Trusts, Sec. 324 ; 2 Pom. Eq., Sec. 1110.

The trust in this case excluded the husband's rights during the wife's life ; but, as we have said before, the trust came to an end upon her decease.   There is nothing in its terms that indicates the intention to extend it one moment beyond the death of the wife, or to exclude the husband's marital rights after that time.

(3) The conveyance by John A. Frey, trustee, during the life of his wife (assuming that the same may have been made in breach of his trust), operated, nevertheless, to pass this legal title that was in him to his grantees, Clark and Fenwick, under whom the appellee claims.   *Williams* v. *Jackson,* 107 U. S. 478, 482 ; *Pierce* v. *Jacobs,* 18 D. C. 498 ; 1 Perry on Trusts, Secs. 321, 334.   But having notice, necessarily, of the trust, the grantees of the said trustee took subject thereto.   Whether they may also have acted in execution of the special trust confided to him, " his heirs and assigns," (1 Perry on Trusts, Sec. 840), is a matter in which Leona V.

Frey alone was interested, and is of no importance in this inquiry. It is sufficient for our purpose that they took the naked legal title.

(4) It remains now to consider the effect of the death of Leona V. Frey upon the duration of this legal estate. Again assuming, in agreement with the contention of the appellant, that the power of appointment conferred on her was limited to the rents and profits only of the estate, then, at her decease, in our opinion, her heirs took the estate with title good both in equity and at law.

With her death, the trust became entirely passive; its special purpose had ended. The trustee had no duties whatever to perform unless to execute a formal conveyance of the legal title to the inheritors of the equitable estate. But this formal conveyance was not absolutely necessary to the vesting of the legal estate in them. As we have said before, the duration of a trust depends upon its purposes and requirements; and when, as in this case, they have been fully satisfied, the title of the trustee may be said to have ceased to exist. *Young* v. *Bradley*, 101 U. S. 782, 788; *Long* v. *Long*, 62 Md. 33, 65; *Noble* v. *Andrews*, 37 Conn. 346, 348; *Schaffer* v. *Lavretta*, 57 Ala. 14.

But however this may be, the trust having become perfectly dry, there can be no doubt that the Statute of Uses, which is in force in the District of Columbia, operated to execute the legal title of the trustee to the heirs at law and to invest them with the legal as well as the beneficial estate. 1 Perry on Trusts, Sec. 351; 2 Perry on Trusts, Secs. 520, 521; *Webster* v. *Cooper*, 14 How. 488, 499; *Morgan* v. *Moore*, 3 Gray, 319, 323; *Davis* v. *Rhodes*, 39 Miss. 152; *Ware* v. *Richardson*, 3 Md. 505; 2 Pom. Eq., Sec. 986 and note.

It follows, therefore, that the action is cognizable at law.

(4) Whether the husband's conveyance as trustee, by its recitals and the consideration of, as well as the circumstances attending, the transaction, is sufficient to estop him from the assertion of his estate by the curtesy against those

claiming under his grantees therein, is a matter of no consequence. While existing, it precludes any right or claim to possession on the part of the heirs at law.

For this reason the court did not err in rendering judgment for the defendant on the special verdict.

4. We deem it proper to add, in conclusion, that by the assumption throughout the foregoing opinion, for the sake of the argument, that the equitable estate of Leona V. Frey did not pass by the conveyance of the trustee, under the direction endorsed thereon by her, we are not to be understood as intimating, even, that we are of the opinion that it did not pass.

It is unfortunate that the ultimate rights of the parties cannot be settled at this time, so that future litigation might be avoided; but having held that the suit has been prematurely brought, we would exceed the proper limits of our duty were we to express any opinion in respect thereof.

Besides, the remaining heir of Leona V. Frey is not a party to this proceeding, and yet is equally interested with the appellant in the final determination of the question.

Finding no error in the proceedings, the judgment must be affirmed, with costs. And it is so ordered. *Affirmed.*