## DAVIS v. HARRISON.

(Circuit Court of Appeals, Ninth Circuit. February 26, 1917.)

No. 2633.

1. TRUSTS ⊕⇒131—STATUTE OF USES—"ACTIVE TRUST."

A deed conveying land to the grantee, to hold in trust to pay the rents and profits to the grantor during the continuance of the existing lease, and thereafter to pay the rents and profits to the grantor's nephew for life, and upon the nephew's death to convey the property to his bodily heirs, or to his wife or heirs at law, creates an "active trust," which is not executed by the statute of uses, not a mere passive trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 175, 175½.

For other definitions, see Words and Phrases, First and Second Series, Active Trusts.]

2. MORTGAGES ⊕⇒139—ABSOLUTE DEED AS MORTGAGE—AGREEMENT TO RECONVEY.

An absolute deed to property, given to a grantee to secure a debt, the land to be reconveyed on payment of the debt, passes no title to the land.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 278.]

3. DEEDS ⊕⇒129(1)—ESTATES CREATED—TRUST.

A deed conveying land to a trustee, to pay the rents and profits to a grantor's nephew for life, gives only a life estate in the rents and profits, not any title to the land.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 362.]

4. TRUSTS ⊕⇒205—POWERS OF TRUSTEE—LEASE.

A deed to trustees, to pay the rents and profits to the grantor during the existing lease and thereafter to pay the rents and profits to the grantor's nephew, not only gives the trustee the right, but makes it his duty, to lease the land after the expiration of the first lease.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 280–282.]

5. TRUSTS ⊕⇒230—POWERS OF TRUSTEE—LEASE—ESTOPPEL OF BENEFICIARY.

Where the beneficiary, under a trust deed requiring the trustee to pay rents and profits to him for life, expressly consented in writing to a lease of the property by the trustee, he is estopped from questioning the validity of that lease.

6. TRUSTS ⊕⇒147(1)—INTEREST OF BENEFICIARY—ASSIGNMENT.

Where a deed to trustees, to pay the rents and profits to certain beneficiaries, provided that one beneficiary should have the right to live thereon and to use it for grazing and pasturage, that right was a personal one, which he could not assign.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 192.]

In Error to the Supreme Court of the Territory of Hawaii.

Suit to quiet title by Fred Harrison against Robert Wyllie Davis. Judgment for plaintiff was affirmed by the Supreme Court of the ter-

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

240 F.—7

ritory of Hawaii, and defendant brings error. Remanded, with directions to modify the judgment, and, as modified, to stand affirmed.

E. C. Peters and R. J. O'Brien, both of Honolulu, T. H., for plaintiff in error.

W. L. Stanley and William B. Lymer, both of Honolulu, T. H., and E. B. McClanahan and S. H. Derby, both of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The record shows that in 1892 one John K. Sumner was the owner of a certain tract of land, situated at Koolaupoko, Island of Oahu, Hawaii, known as the land of Mokapu, upon which there was an existing lease, which land Sumner then conveyed to one Cartwright, in trust—

"in the first place to pay the rents, issues, and profits arising therefrom or thereout, so long as the lease now in existence is in force, to me, the said party of the first part, and upon the expiration of the present lease or other sooner determination, to pay the rents, issues, and profits arising from or out of said land to my nephew, Robert Wyllie Davis, during the term of his natural life, or, in the discretion of said Robert Wyllie Davis, to permit him to reside upon said premises, and while so residing to use the same for grazing or agricultural purposes; and in the second place, from and after the death of the said Robert Wyllie Davis, to convey the said premises to the heirs of the body of said Robert W. Davis lawfully begotten, and failing such heirs of his body, then to the wife, if living, of the said Robert W. Davis, and, failing such wife, then to convey the said premises unto the heirs at law of the said Robert W. Davis, share and share alike."

Subsequently Cartwright resigned as trustee, and one Holt was duly appointed his successor, who on the 1st day of June, 1910, leased the land in question for 25 years to one A. V. Gear. On the 16th of the same month the latter assigned an undivided one-half of his interest in the lease to the said Robert Wyllie Davis, and thereafter assigned the other undivided one-half thereof to one Peterson, whose interest subsequently passed to the present defendant in error, based upon which ownership he commenced this suit to quiet his title thereto against the present plaintiff in error, the said Davis, alleging his ownership of the undivided one-half of the lease and the adverse claim thereto by the defendant to the suit.

The action was brought under and by virtue of that provision of the Revised Laws of Hawaii reading:

"Sec. 2085. *Object of Action.* Action may be brought in any of the circuit courts by any person, against another person, who claims adversely to the plaintiff an estate or interest in real property, for the purpose of determining such adverse claim."

The answer of the defendant consisted only of a denial of each of the allegations of the complaint, and the trial resulted in a judgment —affirmed by the Supreme Court of the territory—decreeing the plaintiff "the owner and entitled to the immediate possession of an undivided one-half for a term of years, to wit, until June 1, 1935, in all of that certain piece or parcel of land situated at Koolaupoku, city and county of Honolulu, territory of Hawaii, known as the land of

Mokapu, and described in that certain lease from John D. Holt, trustee, to A. V. Gear, dated June 1, 1910, and recorded in the office of the registrar of conveyances, in said Honolulu, in Book 343, at pages 347–351," quieting plaintiff's title thereto, and awarding him costs.

[1] The main contention on behalf of the plaintiff in error is that the trust created by the deed from Sumner to Cartwright was a mere passive one, and that under the statute of uses, which it is said is in force in the territory of Hawaii, the trust as to Davis was thereby executed, and there remained in the trustee no power to create any leasehold interest in the property during the life of the plaintiff in error.

The law is well settled, not only in Hawaii, but elsewhere, that trusts which are active are not within the statute of uses, and such, in our opinion, is very clearly the case here, for the trust deed in question in express terms imposes upon the trustee the active duty of paying the rents, issues, and profits of the trust property to its grantor until the then existing lease of the property should expire, necessarily importing that he should first collect them, and thereafter should collect and turn over to the grantor's nephew, Davis, during his natural life, the rents, issues, and profits "arising from or growing out of said land," or, in the discretion of the said nephew, the trustee should "permit him to reside upon said premises, and while so residing to use the same for grazing or agricultural purposes." Upon the death of the nephew, Davis, the further duty was by the deed imposed upon the trustee to convey the lands to the heirs of the body of the deceased nephew, if any such heirs existed, and, if not, to the wife of the said deceased nephew, if living, and, in the event she was not living, then to the heirs at law of the deceased nephew, share and share alike.

These provisions are very plain, and admit of no doubt as to their meaning. By them active duties were imposed upon the trustee from the moment of the execution of the deed; there was nothing passive about it. And therefore the Supreme Court of the territory was quite right in holding, as it did, that the statute of uses had no application to the case, assuming that such statute was in force in the territory. Estate of Boardman, 5 Hawaii, 146, 147; Kidwell v. Godfrey, 14 Hawaii, 138, 140; Harrison v. Davis, 22 Hawaii, 51, 57. See also, Young v. Bradley, 101 U. S. 782, 787, 25 L. Ed. 1044; Perry on Trusts, p. 305; Lewis on Trusts, p. 210.

[2] The record further shows that in the course of the trial in the circuit court of the territory the defendant to the action introduced, over the objection of the plaintiff, a deed dated January 1, 1906, and executed by defendant, purporting to convey to John K. Sumner "all my one-half undivided share and interest" in the land in question, and also a mortgage, dated and executed the next day by the defendant to Sumner, of "all my undivided one-half share and interest" in Mokapu. That evidence was subsequently held by the court inadmissible, and was stricken out, to which ruling error was assigned. We think the Supreme Court of the territory rightly held the ruling correct.

In the first place, it appears from the record that the plaintiff in error, in his sworn answer to a suit brought against him in the trial court

of the territory by Cecil Brown, trustee, expressly alleged and averred, among other things, as follows:

"That heretofore, and on, to wit, the 1st day of January, A. D. 1907, this respondent, Robert W. Davis, for a good and valuable consideration, did grant, bargain, sell, and convey to the said John K. Sumner an undivided one-half share or interest in and to the land and premises known as 'Mokapu,' and ever since said last-named day said John K. Sumner has been and now is the owner and holder thereof, subject to a defeasance of the legal title in the said John K. Sumner, and the reconveyance thereof by him to this respondent at any time on or before January 2, A. D. 1916, upon the payment to the said John K. Sumner of the sum of $2,794.93, with interest from the 1st day of January, A. D. 1906, to the date of reconveyance, at the rate of 7 per cent. per annum, and thereafter, and on, to wit, the 2d day of January, A. D. 1906, this respondent conveyed by way of mortgage to the said John K. Sumner an undivided one-half share and interest in and to said land and premises known as 'Mokapu,' and said mortgage is in full force and effect, and not satisfied or discharged."

That sworn statement of the plaintiff in error finds corroboration in the testimony of the witness A. V. Gear, appearing in the record, to whom the trustee, Holt, made the lease of the land in question, and also in the written consent to that lease made by the plaintiff in error, which consent, as indorsed upon the lease, reads as follows:

"Know all men by these presents, that I, Robert Wyllie Davis, of Mokapu, Koolaupoko, Island of Oahu, and I, Mary Kealohanui Davis, wife of Robert Wyllie Davis, do each of us give our consent to the foregoing lease, ratifying and confirming the same on behalf of any interest we have or which may hereafter accrue to either of us in the future under the terms of the aforementioned deed of trust.          Robert Wyllie Davis."

[3-5] Both the deed and the mortgage having been given to Sumner as security merely, it is obvious that neither passed any title to the land, even though any title thereto ever vested in the plaintiff in error under the deed of trust, which was not the case. What *did* vest in him by that instrument, and all that did, was, as has already been in effect stated, a life estate in the rents, issues, and profits of the land accruing after the expiration of the lease thereof existing at the time of the execution of the deed of trust, and the right at the option of the said beneficiary to reside upon the land, and while so residing to use the same for grazing or agricultural purposes. There was, therefore, not only the right, but the imperative duty, of the trustee, Holt, to lease the land upon the expiration of the prior lease in order to carry out the provisions of the trust. Not only so, but in performing in part that duty, and making the lease to Gear, the trustee did so, according to the record, with the express consent in writing of the plaintiff in error. Upon the most obvious principles of justice, the latter is therefore estopped from questioning the validity of that lease.

[6] Neither the instrument purporting on its face to be an absolute deed from plaintiff in error to Sumner of January 1, 1907, nor the mortgage of the 2d day of the same month and year, pretended to assign to Sumner the personal option vested by the trust deed in the plaintiff in error to reside upon the land, and while so residing to use the same for grazing and pasturage purposes. Had either or both of

those instruments undertaken to do so, the attempt would have been ineffectual, for we agree with the Supreme Court of the territory that:

"The right of Davis, to occupy and use the land for certain purposes was personal to Davis, and did not extend to his assigns. This was the intention of the donor, as we gather it from the deed. The object was to provide and secure for the defendant, either a home and an opportunity to make a living out of the land, or an income, as he might elect to take. A right to assign the right of occupancy would be incompatible with that object, and we must give effect to the apparent intention of the donor in this respect, even though the right to assign the income was not restricted. The defendant having waived his right to occupy the premises, the lease to Gear was valid and operative, and its validity was not affected by the conveyances made by the defendant to Sumner."

It may be added that it appears from the evidence that Sumner never at any time established a residence on the land, nor did the plaintiff in error, so far as appears. There should have been added to the judgment entered by the trial court, and affirmed by the Supreme Court, to which the present writ of error was directed, immediately preceding the provision for costs, the words: Subject to all of the terms and conditions of the said lease.

The cause is remanded, with directions to the trial court to so modify the judgment, and, as so modified, it will stand affirmed.