CHESTER T. ELLMS, TRUSTEE IN EQUITY

*vs.*

EARL ELLMS, ET ALS.

Penobscot.    Opinion, January 12, 1944.

*B. W. Blanchard,* for the plaintiff.

*Edgar M. Simpson,* for defendant Bertha Ellms.

*Percy A. Hasty,* for defendants Almon Ellms, Lena Hutchinson, Eugene Mitchell, Guy O. Ellms, Alonzo L. Ellms, Erma Bailey, Charles Ellms, Gertrude Crawford, Bernice Bowdoin, Earl Ellms and Ruth Smith.

*Jules Angoff* of Boston, for defendants Jules E. Angoff as Administrator of the Estate of Mary E. Ellms, intervening.

*Bernstein & Bernstein,* for defendants Ida A. Gilman, Eva B. Maguire and Jules E. Angoff as Administrator of the Estate of Mary E. Ellms.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MANSER, J.   This is an appeal by the administrator of the Estate of Mary E. Ellms and two individual defendants, from a decree of the presiding Justice of the Superior Court in equity.

The proceedings relate to the construction and interpretation of the will of Charles Ellms. While other questions were raised, the issue is now confined to the correctness of the ruling of the presiding Justice with relation to a trust provision in the will for the benefit of the widow of the testator. The provision is as follows:

> "FIRST: I give, bequeath and devise to Chester T. Ellms, all and singular whatever of property I may die possessed of, to have and hold nevertheless in trust, as trustee thereof, for the use and purposes and for the sole benefit of my beloved wife, Mary E. Ellms, to the end that she shall be well and properly treated and cared for during her life and shall be in all respects provided for as I have myself done thus far; and I direct said trustee, or his successor in case of his death and the appointment of one before the execution of this trust, to exercise full and complete authority over said property and to carefully guard the interest of my said wife that no harm shall come to her, and see that proper and kind treatment be always bestowed on her and her needs suitably supplied."

The will then provided certain money bequests followed by a residuary clause to named individuals, practically all of whom were the testator's own blood relatives. These bequests were all subject to the proviso that they were not to be paid until after the proper execution of the trust.

The surrounding facts and circumstances of the parties were agreed upon by stipulation. Mary E. Ellms, the wife of the testator, was insane and had been a patient at a State institution for a period of 8 years preceding the execution of her husband's will, which was made May 19, 1908. At the time of his death in 1919, she was still in the State hospital and remained there until her own death 20 years later in 1939. The principal contention raised by the appellants is that all the property of the testator was devised and bequeathed to a

trustee, and the widow thereby received the entire equitable fee in her husband's estate; that a limitation-over after an indefinite gift with the power of disposal is invalid; and a gift-over after a fee is void for repugnancy.

Subsidiary issues were that the widow, if she had only a life estate, had a vested interest to the entire income and any unexpended income should go to her estate.

Again, if the widow did not have a vested interest in the entire income, then the accumulated income should be distributed as intestate property.

The findings of the presiding Justice upon which the decree was based, disposed of the issues thus raised as follows:

"At the time of the execution of the will the testator's wife had been in the State Hospital eight years. He had been taking care of and providing for her all of that time and he wanted her provided for 'and shall be in all respects provided for as I have myself done thus far,' and he desired the Trustee to 'carefully guard the interest of my said wife that no harm shall come to her and see that proper and kind treatment be always bestowed on her and her needs suitably supplied.'

He left the estate in trust 'for the use and purposes and for the sole benefit of my beloved wife, Mary E. Ellms, to the end that she shall be well and properly treated and cared for during her life.' He did not know how much or how little of his estate would be necessary for her care, but no matter how much or how little, he wanted it used to carry out that purpose. After her care was provided for at the termination of the trust, if anything was left, it could be used for the subordinate purposes, namely: the bequests and the residuary.

It seems plain to this Court that this testator intended that this estate should be used,— income, the whole or any

part of it; corpus, the whole or any part of it,—for the support of his wife; if anything was left that was secondary—to go to others.

The next question is, is this real intention so far in conflict with some positive rule of law that it cannot be carried into execution. The Court discovers no conflict. We hold that this trust terminated at the death of Mary E. Ellms; we hold further that the Trustee had the duty of taking care of the said Mary E. Ellms in the manner desired by the testator, as expressed in his will, and in order to carry out this purpose he was to use as much of the estate, either income or principal, as was necessary. On the other hand, if all of the income was not used for this purpose it was not to become the property of Mary E. Ellms but become part of the testator's estate and would go to the legatees or be disposed of under the residuary clause."

As stated by the presiding Justice, the actual intent of the testator is clear. It is not to be thwarted unless some positive rule or canon of construction makes it necessary. Such rules provide tests, more or less artificial, but designed to determine contruction. *Singhi* v. *Dean,* 119 Me., 287, 110 A., 865. All such rules were established by courts only for the purpose of effectuating such construction. Caution is sometimes necessary to prevent perversion of a testator's intention by an astute application of cases and so-called precedents, for in the matter of interpretation of wills, as Justice Whitehouse said in *Wentworth* v. *Fernald,* 92 Me., 282, 42 A., 550, 552:

"The analogies afforded by precedents are helpful servants, but dangerous masters."

The contention of the appellants finds its chief reliance upon the emphasis that all the property was to be held by the trustee

"for the use and purposes and for the sole benefit of my beloved wife." It ignores the immediately following provision in the same sentence, which reads, "*to the end* that she shall be well and properly treated and cared for *during her life* (italics ours) and shall be in all respects provided for as I have myself done thus far."

Still continuing, in the same paragraph, and without pause, comes the further authoritative mandate to the trustee "to exercise full and complete authority over said property and to carefully guard the interest of my said wife that no harm shall come to her, and see that proper and kind treatment be always bestowed on her and her needs suitably supplied."

The trustee's authority was confined to, centered upon and limited by the provisions for the physical needs, the comforts and attention to the unfortunate demented wife of the testator. For eight years at the date of his will, she had been in this condition. She remained so during the twelve years he lived thereafter. He made it certain that her wants and hers alone were to be well cared for after his decease, as he had done for the twenty years preceding. For the next score of years that she survived her husband, such obligation rested on the trustee. That encompassed the scope of his authority. Her needs ended with her death. His trust likewise ended.

Speaking of the estate granted to a trustee, the Court, in *Young* v. *Bradley*, 101 U. S., 782, says, 25 L.Ed. 1044,

> "This subject is considered and the authorities fully reviewed by Mr. Justice Swayne, in *Doe, Lessee of Poor* v. *Considine*, 6 Wall, 458, 18 L.Ed. 869, 'It is well settled,' says he, 'that where no intention to the contrary appears, the language used in creating the estate will be limited and restrained to the purposes of its creation. And when they are satisfied, the estate of the trustee ceases to exist and his title becomes extinct. The extent and duration of the estate are measured by the objects of its creation.' "

Our own Court adopted the clear definition given in 1 Perry on Trusts, Sec. 312, in *Slade v. Patten,* 68 Me., 380, as follows:

"The intent of the parties is determined by the scope and extent of the trust. Therefore the extent of the legal interest of a trustee in an estate given to him in trust is measured, not by words of inheritance or otherwise, but by the object and extent of the trust upon which the estate is given. On this principle two rules of construction have been adopted by courts; first, when a trust is created, a legal estate sufficient for the purposes of the trust shall, if possible, be implied in the trustee, whatever may be the limitation in the instrument, whether to him or his heirs or not; and, second, although a legal estate may be limited to a trustee to the fullest extent, as to him and his heirs, yet it shall not be carried further than the complete execution of the trust requires."

The general principle which regulates the quantum of estate taken by the trustee of an active trust, is that he takes, irrespective of the estate which the instrument purports to convey, exactly that quantity of interest in the estate which the purposes of the trust require,— the construction in this respect being governed mainly by the intention of the donor as gathered from the general scope of the instrument; but the trustee will never by construction be held to take a greater estate than the nature of the trust demands. 26 R. C. L. Trusts, Sec. 107.

There was created in the trustee a legal estate in the property of the testator to hold during the lifetime of the widow, with a restricted and limited power to use of income and principle for the sole benefit of said widow, and to supply her needs during her lifetime. While it is arguable that the testator anticipated that his widow would require the entire income of his estate for her support, we find no express or implied intention on his part to make an outright gift of income for her benefit

or to make any part of the unexpended balance of income a part of her estate at her decease. As the presiding Justice, in expressive phrase, said:

"It seems plain to this Court that this testator intended that this estate should be used,— income, the whole or any part of it; corpus, the whole or any part of it, for the support of his wife; if anything was left that was secondary— to go to others."

It seems unnecessary to multiply citations in a case of this character, but of interest in connection with the issues involved we make reference to *Barry* v. *Austin,* 118 Me., 51, 105 A., 806; *Reed* v. *Creamer,* 118 Me., 317, 108 A., 82; *Smith* v. *Walker,* 118 Me., 473, 109 A., 10; *Bunker* v. *Bunker,* 130 Me., 103, 154 A., 73; *In re Robinson's Will,* 101 Vt., 464, 144 A., 457 and 75 A. L. R., 59 with annotations beginning on p. 71.

We find no error in the rulings and decree of the presiding Justice.

*Appeal Dismissed.*