Holbrook *v.* Brenner et al.

EDMUND S. HOLBROOK

*v.*

ANDREW BRENNER, AND BENJAMIN S. PRETTYMAN.

1. EVIDENCE IN EJECTMENT — *of defendant's claim of title.* In ejectment, where it appears that the defendant has purchased the premises by deed, and is in possession of the premises, it is *prima facie* evidence that he claims under that title.

2. PROOF OF TITLE BY PLAINTIFF IN EJECTMENT. And if he and the plaintiff claim from the same source, it is not necessary for the latter to trace his title further, in the first instance.

3. When the plaintiff exhibits a title from the same source, better than that of the defendant, it is sufficient to put him upon his defense.

4. DEFENDANT MAY SHOW *a different or outstanding title.* The defendant may, however, show that he claims under a different title, or, he may show a paramount outstanding title, to defeat a recovery.

5. EVIDENCE — *deed from assignee in bankruptcy — pre-requisites to its admissibility.* It is not essential to the admissibility in evidence of a deed executed by an assignee in bankruptcy, that it should be proven the assignee had complied with the condition in the decree appointing him, that he should execute a bond.

Holbrook *v.* Brenner et al.

6. Where the deed contains the recitals prescribed in the 15th section of the bankrupt law of 1841, the deed itself is conclusive evidence, in a collateral proceeding, that the terms of the decree, and the rules of court, were complied with by the assignee.

7. It is also evidence that the sale was reported to, and approved by the court. Also, that proper notices were given of the time, place and terms of the sale.

8. SALE BY ASSIGNEE IN BANKRUPTCY — *pre-requisites to its validity.* Indeed, a sale by the assignee is made valid, whether these requirements have, or not, been observed.

9. SALE BY ASSIGNEE IN BANKRUPTCY — *not affected by subsequent decree.* A decree in bankruptcy and the appointment of an assignee pass all the title from the bankrupt to the assignee. And a sale thereafter made by the assignee will not be at all affected by a subsequent decree relating to the same premises.

10. DECREE — *who affected by it.* One who is not a party to a proceeding in bankruptcy, will not be affected by the decree therein.

11. SALE BY ASSIGNEE IN BANKRUPTCY — *within what time it must be made.* It is not essential to the validity of a sale by an assignee in bankruptcy, that it be made within two years after his appointment.

12. The 10th section of the bankrupt act is only advisory on that subject.

13. DECREE IN BANKRUPTCY — *its requisites to authorize the assignee to sell.* It is not necessary that a decree in bankruptcy should, in terms, direct the assignee to make sale of the property, in order that he shall have authority to do so, when there is a rule of the court requiring that to be done. Such rule is an order of the court as fully as if copied into the decree.

14. But if this were not so, where the deed of the assignee contains the recitals as required by the 15th section of the bankrupt act, it validates itself in that regard.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was an action of ejectment brought by Edmund S. Holbrook, the plaintiff in error, against Andrew Brenner, the tenant in possession; Benjamin S. Prettyman was permitted to appear and defend, as his landlord.

The suit was commenced in the Circuit Court of Tazewell county for the recovery of one hundred and seventy city lots in the city of Pekin; and was taken on change of venue to the Circuit Court of Peoria county, and, finally, removed to the Circuit Court of Woodford county.

The plaintiff, to maintain the issue on his part, and for the purpose of showing that defendants claimed title to the premises in controversy from the same source of title with himself, that is, from William C. Bostwick as the assignee in bankruptcy of James B. Campbell, read in evidence a deed from said Bostwick to William B. Doolittle, for the premises.

"Whereas, by a decree of the Honorable District Court of the United States of America, for the District of Illinois, sitting as a Court of Bankruptcy, James B. Campbell, of the county of Jo Daviess in said district, was decreed a bankrupt, which said decree bears date the third day of October, A. D. 1842, and is in the words and figures following, to wit:

"DISTRICT COURT OF THE UNITED STATES, ⎱
    FOR THE DISTRICT OF ILLINOIS. ⎰       *In the matter of the Petition of James B. Campbell to be declared a Bankrupt, and to be discharged from his debts.*

"On hearing the petition of the said James B. Campbell, filed in this court 22nd August, A. D. 1842, praying to be declared a bankrupt, in pursuance of the act of Congress entitled, 'An act to establish a uniform system of bankruptcy throughout the United States,' and it appearing satisfactorily to the court, that notice has been published in pursuance of the previous order of this court, and no sufficient cause being shown to the contrary: It is therefore ordered, adjudged and decreed, that the said James B. Campbell be deemed a bankrupt within the purview of said act. And it is further ordered and adjudged, that William C. Bostwick, of the county of Jo Daviess, be, and hereby is, appointed assignee of said bankrupt, upon his entering into, before a commissioner, and filing with the clerk of the court, a penal bond in the sum of        dollars, to the United States, with two or more sureties, to be approved by the commissioner of the county wherein the bankrupt resides, conditioned for the due and faithful discharge of all his duties as such assignee, and his compliance with the orders and directions of the court. And whereas I, the said William C. Bostwick, appointed assignee of the said James B. Campbell, in and by virtue of the decree

aforesaid, have complied with the provisions of said decree,
and have filed with the clerk of said court my sufficient bond
in the penal sum of five hundred dollars, with two sufficient
securities approved by the proper commissioner, and have
complied with all other the regulations and directions of said
decree, and with all the rules in bankruptcy of said honorable
court, so far as the same apply to or are binding and incum-
bent upon me, have, as such assignee, sold the property here-
inafter described, at public auction, at the court-house in
Galena, in the county of Jo Daviess, having first duly adver-
tised the same according to law, and said sale being made in
pursuance of a decree of said District Court, dated 15th May,
1851, and which said decree is in the words and figures
following, to wit:

" ' In the matter of the Petition of WILLIAM C.       In the United States Dis-
Bostwick, Assignee in Bankruptcy of JAMES            trict Court within the Dis-
B. Campbell, declared a bankrupt.                    trict and State of Illinois.
" ' *Petition for sale of real estate of Bankrupt.*

" ' And now, on this day, this cause coming on to be heard
on the petition of William C. Bostwick, assignee of James
B. Campbell, a bankrupt, and upon the exhibits and proofs,
and it appearing to the court that the said James B. Campbell
has an interest or claim in and to the following real estate
situate in the county of Tazewell and State of Illinois, to wit: '
[Here follows a description of the tracts of land and lots of
ground in this deed hereinafter mentioned and described,
including the whole and every tract of land and lot of ground
hereinafter described,] ' which said lands were not contained
in the schedule filed in said court by said bankrupt. It is
therefore ordered, adjudged and decreed by said court that
the said assignee, William C. Bostwick, proceed to sell all the
estate, right, title and interest, in him vested as such assignee,
in and to the lands above specified, in such manner, upon
such terms and at such times as is specified in the rules of this
court heretofore made and still in force, in regard to the sale
of real estate of bankrupts. It is further ordered, that said
assignee make report of his doings herein to this court, at the
earliest opportunity.'

" At which sale William B. Doolittle, of Tazewell county, State of Illinois, hereinafter named, became the purchaser of said lots and lands."

[Here follows a description of the lots, the same as in plaintiff's declaration — with other lots and lands.]

" Now, therefore, know all men by these presents, that I, William C. Bostwick, as assignee of the said James B. Campbell, a bankrupt, as aforesaid, in consideration of the sum of fifty dollars to me in hand paid by the said William B. Doolittle, the receipt whereof is hereby acknowledged, being the aggregate of said several bids as aforementioned, do, as such assignee, sell and convey, unto the said William B. Doolittle, and to his heirs and assigns, all the right, title and interest in me vested, as such assignee, in and to the lots, lands and real estate hereinbefore specified, designated and described, at the date of said sale, to wit, this 17th day of June, 1851. In witness whereof, I, the said William C. Bostwick, assignee as aforesaid, hereunto set my hand and seal, the said 17th day of June, A. D. 1851.

WM. C. BOSTWICK, [SEAL.]
*Assignee in Bankruptcy of James B. Campbell.*"

The plaintiff, for the same purpose of showing the defendants claimed title from the said common source, introduced in evidence a deed from John A. Jones, as master in chancery, to the defendant, Prettyman, for the same premises.

This deed was executed in pursuance of a decree rendered in the Circuit Court of Tazewell county at the October term, 1855, in a suit in chancery instituted by Amos L. Merriman against the heirs of Halsey O. Merriman and the heirs of the said Doolittle, for the purpose of subjecting the premises to the payment of the debts of Halsey O. Merriman and Doolittle, it appearing that they purchased the lots in partnership. A sale being ordered, Prettyman became the purchaser.

The plaintiff then offered to read in evidence a deed from said Bostwick, as assignee in bankruptcy of Campbell, to himself, for the same premises, showing a sale by the assignee to the plaintiff prior to that made to Doolittle, and prior to the rendition of the decree under which Doolittle claimed. This deed is as follows :

32

First reciting the decree in bankruptcy of the 3rd of October, 1842, and the appointment of the assignee, as in the deed to Doolittle, proceeds :

" And whereas I, the said William C. Bostwick, appointed assignee of the said James B. Campbell, a bankrupt, in and by virtue of the decree aforesaid, have complied with the provisions of said decree, and have filed with the clerk of said court my sufficient bond, in the penal sum of five hundred dollars, with two sufficient securities approved by the proper commissioner, and have complied with all other the requisitions and directions of said decree, and with all the rules in bankruptcy of said honorable court, so far as the same apply to, or are binding and incumbent upon me, and have, as such assignee, sold the property hereinafter described, at public auction, at the court-house in said county of Jo Daviess, having first duly advertised the same according to law, and the said pieces and parcels of land and lots having been offered, and sold separately, and having been sold and struck off at the prices following, and said property, lands and lots being described and designated as follows, to wit:" [Here follows a description of the property as in the declaration.] "And the said Edmund S. Holbrook being the highest and best bidder for each and every of said tracts of land and lots of ground, he became the purchaser thereof, at the said sale, and the same were severally, and each and every of them, struck off to him.

"Now therefore, know all men by these presents, that I, the the said William C. Bostwick, as assignee of the said James B. Campbell, a bankrupt as aforesaid, in consideration of the sum of thirty dollars to me in hand paid by the said Edmund S. Holbrook, the receipt whereof is hereby acknowledged, do, as such assignee, sell and convey to Edmund S. Holbrook and his heirs and assigns, the said tracts of land, and lots of ground, as the same are hereinbefore designated and described. To have and to hold the said tracts of land and lots of ground unto the said Edmund S. Holbrook, his heirs and assigns forever.

" In witness whereof, I, the said William C. Bostwick, in

my capacity of assignee of said James B. Campbell, a bankrupt as aforesaid, have hereunto set my hand and seal this 18th day of October, A. D. 1850.

WM. C. BOSTWICK, [SEAL.]
*Assignee in Bankruptcy of James B. Campbell.*"

Also, in support of said deed, the plaintiff offered in evidence a certified copy of the said decree of 3rd October, 1842.

To the reading of which deed in evidence, defendants by their counsel objected, for the following reasons :

1. Because the deed does not recite the decree correctly.

2. Because the plaintiff is estopped by the decree of 1851, which authorizes the second sale, and therefore avoids the sale and deed to plaintiff.

3. Because the plaintiff does not produce the orders and rules of the court concerning the sale of bankrupt's effects, and does not show a compliance therewith.

4. For other reasons, not disputing the execution and acknowledgment.

5. The deed does not show to whom the bond of $500 was executed.

And in support of the second objection, defendants offered a certified copy of record of proceedings in the bankrupt court, to wit, the petition of William B. Doolittle, and William C. Bostwick, assignee, for the sale of certain property, the report of sale by Bostwick, and the orders of court thereon, in words and figures following, to wit:

" STATE OF ILLINOIS, }
  COUNTY OF TAZEWELL. }  AFFIDAVIT.

" William B. Doolittle of said county and State being duly sworn, deposes and says that he has examined the records of said county diligently, and that as appears from said records, James B. Campbell, late a bankrupt, at the time of obtaining his discharge and decree of bankruptcy, to wit, on the third day of October, A. D. 1842, had and still has an interest and claim in and to the following described real estate, situated in the county of Tazewell and State of Illinois, to wit:" [Here follows a description of lands as in plaintiff's declaration, with other property. Sworn to, May 9, 1851.]

" PETITION.

" *To the Honorable Thomas Drummond, Judge of the Cir. uit Court of the United States, within and for the District of Illinois :*

"Your petitioner, William C. Bostwick, of the county of Jo Daviess in the State of Illinois, unto your Honor respectfully represents: that he is assignee in bankruptcy of the estate of James B. Campbell, who was declared a bankrupt, by a decree and order of said court at Springfield, dated February 8th, 1843; and refers to the records of said court for proof thereof.

" Petitioner further states that, as petitioner has been credibly informed and verily believes, the said James B. Campbell, at the time of his said discharge in bankruptcy, was the legal owner of, or had some interest in and to the following real estate, situate," etc. [Here follows description as in affidavit, a statement that these lands were not scheduled, and a considerable portion of Campbell's debts unpaid.]

" Petitioner therefore prays, that an order may be granted by said court for the sale of said real estate, under and by virtue of his said capacity of assignee in bankruptcy of said James B. Campbell as aforesaid, in such manner and at such time as such court shall direct. And as in duty bound your petitioner will ever pray.

                          WILLIAM C. BOSTWICK."

Then follows the decree of the 15th of May, 1851, directing a sale of the premises, as recited in the deed to Doolittle, and a report to court by Bostwick, assignee, of a sale to Doolittle, describing the property as before, and deed executed to Doolittle, filed February 1st, 1853. Decree of court, approving of the sale.

To the reading of which, plaintiff objected, for irrelevancy and incompetency.

The court permitted the same to be read; to which decision of the court the plaintiff then and there excepted.

The court decided that said deed and certified copy of decree in bankruptcy offered by the plaintiff could not be read in evidence, for the reason, that it did not appear that said Bostwick was the assignee in bankruptcy of James B.

Campbell; to which decision of the court plaintiff then and there excepted.

Plaintiff then proposing to offer again his deed in evidence, offered in evidence a copy of the 51st rule in bankruptcy, in words and figures following, to wit:

"It shall be the duty of the assignee of the bankrupt to make sale of all the right, title and interest of the bankrupt, whether equitable or legal, in and to any real estate, wheresoever situated, with all due diligence, having regard to the interest of the creditors (unless some one of said creditors shall, previous to the time appointed for such sale, file with the assignee his written dissent thereto, when it shall be the duty of such assignee to refer the matter to the court,) and that the sale of said real estate, or any interest therein, be made either for cash or upon a credit not exceeding one and one and a half years, as the assignee shall deem most advisable, and upon the premises to be sold, or at some public sale, as said assignee shall deem best for the interest of said estate, at least twenty days notice of the time, place and terms of sale being first given by affixing up at least three notices, and also by publication in some newspaper nearest the premises, when in the opinion of the assignee the property is sufficiently valuable to justify the expense of such publication."

To which defendants objected, on the ground of irrelevancy.

The court decided that it might be read, and defendants excepted.

The plaintiff then, for the purpose of showing further that William C. Bostwick was the assignee in bankruptcy of James B. Campbell, offered to read again said certified copy of proceedings in bankruptcy concerning said sale to Doolittle.

The defendants objected on the ground that the same was not then before the court for any purpose, and could not be used by plaintiff unless offered by him.

The court sustained the objection; to which decision plaintiff then and there excepted.

Plaintiff then offered to read the same in evidence. The court permitted it to be read.

Plaintiff then offered to read the deed of Bostwick to him-

.self again by permission of court, and also said decree in bankruptcy to support it; to the reading of which defendants objected, and suggested these further reasons :

Because it is not shown that the lands were advertised.

Said deed is incompetent evidence, and is otherwise objectionable.

The court decided that said deed could not be read in evidence, and also excluded said certified copy of proceedings in bankruptcy in regard to the sale to Doolittle, and said copy of decree in bankruptcy; to which decision of said court, plaintiff then and there excepted.

This was all the evidence in the case.

The court instructed the jury to find the defendants not guilty.

Verdict for defendants — motion for new trial overruled; plaintiff excepted. Judgment for costs against plaintiff, who thereupon sued out this writ of error, and alleges —

1. The court erred in refusing to permit the deed of Bostwick to plaintiff, as first offered, to be read in evidence.

2. The court erred in permitting the certified copy of proceedings in the District Court, to be read in evidence by defendants.

3. The court erred in not permitting the certified copy of decree in bankruptcy in the matter of James B. Campbell, to be read in evidence.

4. The court erred in not permitting the plaintiff to use the certified copy of proceedings in the bankrupt court, read in evidence by defendants.

5. The court erred in not permitting said plaintiff's deed, and said certified copy of decree in bankruptcy, and said copy of proceedings in the bankrupt court, as they were last offered by plaintiff, to be read in evidence.

6. The court erred in not awarding to plaintiff a new trial.

7. The court erred in giving judgment against the plaintiff.

Mr. E. S. HOLBROOK *pro se*, with whom were Messrs. E. S. LELAND, and H. B. HOPKINS.

Messrs. WEAD & POWELL, for the defendants in error.

Mr. Justice Walker delivered the opinion of the Court.

Plaintiff in error, on the trial in the court below, read in evidence a deed from Bostwick, as assignee of Campbell, a bankrupt, to Doolittle, dated the 17th of June, 1853, for the premises in controversy. Next, a deed from Jones, master in chancery, which was made under a decree rendered in the Tazewell Circuit Court, in favor of A. L. Merriman, and against the heirs of Doolittle and H. O. Merriman, conveying the premises to defendant Prettyman. He then offered to read a deed from Bostwick, as assignee of Campbell, to himself, dated October 18th, 1850, for the same premises. And in connection with the last deed, he offered a certified copy of the decree, declaring Campbell a bankrupt, and appointing Bostwick his assignee. Also, the fifty-first rule adopted by the court in bankruptcy. The deed, the copy of the order, and rule, were rejected, and not permitted to be read to the jury, and a verdict was returned in favor of the defendant, upon which a judgment was rendered.

The first objection to the deed as evidence, was, that it was not, it is insisted, connected with a source of paramount title. On the contrary, it is urged that the evidence showed that the parties claimed title from Bostwick as a common source. In the action of ejectment it is held, that where both parties claim under the same right, the plaintiff is not required to trace his title back beyond the common source. *Ferguson* v. *Miles*, 3 Gilm. 365; *McConnel* v. *Johnson*, 2 Scam. 528; *McClure* v. *Engelhardt*, 17 Ill. 50.

When it is found that the defendant has purchased by deed, and is in possession of the premises, it is *prima facie* evidence that he claims under that title. And if he and plaintiff claim from the same source, it is not necessary for the latter to trace his title further in the first instance. When he exhibits a title from the same source, better than that of the defendant, it is sufficient to put him upon his defense. The defendant may, however, show that he claims under a different title, or, he may show a paramount, outstanding title, to defeat a recov-

ery. In this case, it was sufficiently shown that both parties claimed from a common source, to authorize the reading of the deed in evidence, and the court erred in excluding it from the jury.

It is, however, urged that the deed was inadmissible, because it was not shown that Bostwick entered into bond as assignee. That by the terms of the decree, he was only to become assignee, upon executing such a bond, in a penalty of a number of dollars not specified. By the fifteenth section of the bankrupt act,* it is declared, that a copy of the decree and appointment of the assignee, recited in the deed for lands of the bankrupt, sold and conveyed by the assignee, together with a certified copy of the order, shall be full and complete evidence of the bankruptcy and assignment, to validate the deed. "And all deeds containing such recitals, and supported by such proof, shall be as effectual to pass the title of the bankrupt, of, in and to the lands therein mentioned and described, to the purchaser, as fully to all intents and purposes as if made by such bankrupt himself immediately before such order."

This provision was manifestly designed to dispense with all proof that the assignee had complied with the terms of the decree or the rules of the court, when the deed should come in question in a collateral proceeding. If he failed to act in obedience to the decree, or acted in violation of the rules of court, and the assignee or creditors made no exceptions to have the sale set aside, the deed would be conclusive, to pass the title of the bankrupt. This enactment has dispensed with proof that a bond was given, but makes the deed, in a collateral proceeding, conclusive evidence of that fact. It is also evidence that the sale was reported to, and approved by, the court. Also, that proper notices were given of the time, place and terms of the sale. Or, perhaps, more accurately stated, the sale is made valid whether these requirements have, or not, been observed. These views are in accordance with the decisions in the cases of *Holbrook* v. *Correy*, 25 Ill. 543, and *Joy* v. *Bedell*, 25 Ill. 537.

* Act of Congress of August 19, 1841. 5 U. S. Stat. at Large, p. 448.

The cases referred to by defendant in error, which hold that the assignee has no power to maintain an action to recover the assets of the bankrupt, until he has given bond, do not militate against the validity of this deed. The deed is made valid and effectual to pass the title by express enactment, whilst there is no authority conferred, to bring suit before bond is executed. The statute has not provided that he may sue, upon merely producing a copy of the decree appointing him assignee. The questions are distinct, depending upon different provisions of the law, and hence, different rules may prevail.

Inasmuch as the decree in bankruptcy, and the appointment of the assignee, divested the bankrupt's title out of him, and vested it in the assignee, there was no title in the bankrupt when the second decree was rendered. The former decree had left no interest in the bankrupt to this property, which could be affected by the latter decree. And as the sale of the premises by the assignee to plaintiff in error, transferred the title held by the assignee, to the purchaser, the subsequent sale to Doolittle could pass no title. But even if the latter decree of the court in bankruptcy had any binding effect upon any person, or upon anything, it was not on plaintiff in error, as he was not a party to that proceeding. Even if it purported to set aside the sale to plaintiff in error, it could have no such effect, unless he had been in court as a party to the proceeding. He is not concluded by that decree, in that or any other tribunal.

It is again urged, that the assignee had no power to sell the premises, after the expiration of two years from the time of his appointment. The eighth section of the bankrupt act limits the period within which the assignee may sue to recover the assets of the bankrupt, to two years after the bankruptcy, or the cause of suit has accrued. The tenth section provides, that "all proceedings in bankruptcy in each case, shall, if practicable, be finally adjusted, settled and brought to a close, by the court, within two years after the decree declaring the bankruptcy." The first of these provisions, in terms, relates to the bringing of suits to recover assets. It in nowise relates to the sale of property. There

does not seem to be the remotest connection between maintaining a suit and selling property. But it is contended that as the assignee could not recover these premises by an action, he could not transfer the right to maintain an action. The title was vested in him, and he, by the requirements of the law, was bound to sell it, and no time for its sale is prescribed. And where we find that the law has vested him with the title for a particular purpose, and has limited no period within which he shall carry out that purpose, we cannot infer that it shall be defeated, because the law has required the performance of other acts within a limited time.

The property is vested in him for the benefit of creditors, and it cannot be that it was designed, that if from any cause it was not sold, they, without fault or neglect on their part, should be deprived of their beneficial interest in the trust fund. It will hardly be contended that where real estate is vested in an assignee, reduced to his possession, but from any cause not sold until the expiration of two years, and after its sale an adverse possession was acquired, the purchaser could not maintain ejectment. And the doctrine contended for, would lead to this conclusion. The title was manifestly transferred to the assignee for the purpose of paying creditors, and the assignee was required to sell it for that purpose, and the doctrine contended for would be well calculated to defeat the design of the law.

The provisions of the tenth section are not imperative, but are advisory. It provides that the entire business of the bankrupt, if practicable, shall be closed up within two years. But it imposes no penalties and divests no titles to property if it is not done. The very fact that it only requires the business to be closed, if practicable, implies that if it is not done, the assignee shall still proceed to close the business. And it would seem inevitably to follow, that if he had the title to property not sold, he might dispose of, and convey it, and thereby pass the title. When the law cast upon him the title, it made no provision for it to be divested, except by sale or the appointment of a successor. And the law could not have designed to offer him the property as a premium for

neglecting his duty in making a sale, and if he cannot sell it after that period, it would become his, absolutely and unconditionally. Such could not have been the design of the lawmakers. We are therefore of the opinion that the assignee had the power to sell and convey the premises after the expiration of the two years, and that the purchaser acquired all the rights of the bankrupt.

It was further insisted that the sale could only be made under the order of the court, and that no order was shown. It appears that the fifty-first rule of the court of bankruptcy requires the assignee to make sale, and to give notice of the time and place where it will be made. This rule of court was, for all purposes, an order of court, as fully as if it had been copied at large into the decree. When the assignee sold under this rule, he virtually sold under the order and direction of the court. But if this were not true, the provision of the fifteenth section of the act dispenses with the proof, when it makes the deed and copy of the order appointing the assignee, full and complete evidence to validate the deed.

We are, for these reasons, of the opinion that the court below erred in rejecting the deeds offered by plaintiff in error as evidence, and the judgment is reversed, and the cause remanded.

*Judgment reversed.*