## JOHN KIDWELL *v.* FRANK GODFREY.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 4, 1902.          DECIDED MARCH 29, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

If the purpose of a trust is to keep and preserve the estate for a time subject to such directions as the grantor may give, one of which directions may be to convey to another, such trust is not within

the operation of the Statute of Uses, assuming such statute to be in force in this Territory. A duty is imposed on the trustee to convey, if requested, and to otherwise do as directed, and the full performance of the duty makes it necessary that the legal title should be in him.

In such a case, equity has jurisdiction to compel the trustee to convey the legal title to the *cestui que trust* upon request and to enjoin an action at law to quiet title instituted under the statute by the respondent against the complainant prior to the filing of the bill.

### OPINION OF THE COURT BY PERRY, J.

Bill in equity with prayer that an action at law be restrained, that respondent be declared a trustee for the complainant of certain land and that he be ordered to execute and deliver a deed conveying his legal title to said land to the complainant. The facts, as alleged, are as follows: The land of Wailele, situate at Manoa, Oahu, was demised by its former owner, Theophilus Metcalf, to his son Frank for life and upon his death to his lawfully begotten children. Frank Metcalf died on March 9, 1900, leaving surviving him his lawfully begotten children, Emma and Thomas. On October 3, 1895, Emma executed a deed conveying her interest in said land to Paul Neumann in trust to "keep and preserve for the benefit of said grantor subject to such further instructions which the grantor may give to said trustee in writing duly acknowledged." On March 8, 1899, Emma quitclaimed all her right, title and interest in Wailele to complainant for the consideration of $400.00, but no conveyance was obtained by Kidwell from the trustee. Subsequently Thomas Metcalf by a deed executed during his minority and also by a confirmatory deed executed after he attained his majority, conveyed to complainant all his right, title and interest in the land. Paul Neumann died on or about July 2, 1901, and one Alice Metcalf was thereafter, by decree of court, made his successor in the trust created by the deed. On January 9, 1902, a deed was executed by Alice Metcalf as such trustee, purporting to act under the authority and direction of Emma expressed in writing duly acknowledged, and by Alice as attorney-in-fact for Emma, conveying to the respondent "all my right, title and

interest, consisting of an undivided one-half," in the land of Wailele. Godfrey then instituted at law an action to quiet title, against Kidwell, alleging substantially the foregoing facts and claiming to be entitled to an undivided one-half of the land in fee simple. Respondent demurred to the bill on the ground that it does not state facts sufficient to constitute a cause of action and the Circuit Judge sustained the demurrer and dismissed the bill on the ground that the complainant has a plain, speedy and adequate remedy at law. From that ruling this appeal is taken.

Respondent's contention is, (a) that the trust created by the deed was a dry trust, that by the operation of the Statute of Uses the legal title became at once vested in Emma and that therefore Kidwell may defend the action at law by showing that the legal title is in himself; (b) that Kidwell may set up an equitable estoppel as a defense to the action; and (c) that Kidwell may prove his equitable title in the action.

Whether or not the Statute of Uses is in force in this Territory we need not say. The trust in question is not one within the operation of the statute. The object of the trust was to keep and preserve the estate for a time subject to such directions as the grantor might give, one of which directions might be to convey to another. A duty was imposed upon the trustee to convey, if requested, and to otherwise do as directed, and the full performance of the duty made it necessary that the legal title should be in him. "To the application of the statute in England and elsewhere, there are certain well-defined exceptions, or rather rules of construction, which limit the effect of the statute. One rule relates to special or active trusts which were never within the purview of the statute. Therefore, if any agency, duty or power be imposed on the trustee, as by a limitation to a trustee and his heirs to pay the rents, or to convey the estate, or if any control is to be exercised or duty performed by the trustee in applying the rents to a person's maintenance, or if the purpose of the trust is to protect the estate for a given time, or until the death of some one, in all these and in other like cases, the operation of the statute is excluded, and the trusts or uses remain mere

equitable estates. Perry on Trusts, p. 305."—*Estate of Board-man,* 5 Haw. 147. See also Perry on Trusts, § 305; Lewis on Trusts, p. 210; *Morton v. Barrett,* 22 Me. 263; *Norton v. Leonard,* 12 Pick. 156; *Meacham v. Steele,* 93 Ill. 137, 145; *Hutchins v. Heywood,* 50 N. H. 497; and *Reed v. Power,* 12 R. I. 16.

That on the facts alleged an equitable estoppel against Godfrey could be successfully claimed, is at least not clear. Assuming, however, that Godfrey could be held estopped from setting up at law title to the land, such defense would not furnish a remedy full and complete as that which complainant may obtain in equity. The estoppel would not pass the legal title. Tiedemann, Real Property, §§ 729, 730. In equity the respondent can be decreed to convey such title to the complainant and thus remove all cloud from the latter's title. So, also, of the third contention. Even if the defendant may establish his equitable title in the action at law, still it will be open to him to apply to equity for a decree requiring Godfrey to convey to him the legal title. He may so apply now as well as after a verdict at law, and if he does so now, equity may determine the whole matter and restrain the action at law. We think that under the circumstances Equity has jurisdiction. See 16 Am. & Eng. Enc. of Law, 2nd ed., 367.

The decree appealed from is reversed and the cause remanded for such further proceedings as may be proper.

*Robertson & Wilder* for complainant.

*Fitch & Thompson* for the respondent.