# FRED HARRISON *v.* ROBERT WYLLIE DAVIS.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 16, 1914.                    DECIDED MARCH 6, 1914.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EVIDENCE—*admissions in pleadings in another suit.*

> The allegations in a pleading in one suit, while open to explanation or rebuttal, are receivable as against the party in a subsequent suit as his solemn admission of the truth of the facts so alleged.

QUIETING TITLE—*admission in pleadings in another suit as proof of title.*

> Upon the trial in a statutory action to quiet title the defendant's admission in a pleading in another suit of the truth of the fact that at a time stated the title was in a person from whom the defendant then claimed and from whom the plaintiff also claims in the action on trial constitutes evidence, available to the present plaintiff, of the fact mentioned and is *prima facie* proof of that fact.

TRUSTS—*statute of uses—trust to protect estate.* ·

> If the purpose of a trust is to protect the estate for a given time or until the death of some one, the operation of the statute of uses is excluded and the trusts or uses remain mere equitable estates.

TRUSTS—*ratification of lease by trustee—waiver of right to occupy trust property.*

> Where land is conveyed in trust to pay the rents, issues and profits to D during his life "or in the discretion" of D "to permit him to reside upon" the land "and while so residing to use the same for grazing or agricultural purposes", ratification by D of

a lease by the trustee to another operates as a waiver of D's right to reside upon and use the land in the manner mentioned.

## OPINION OF THE COURT BY PERRY, J.

This is a statutory action to quiet the title to a certain tract of land known as "Mokapu" and situate in the district of Koolaupoko on this island. The plaintiff claims an undivided one-half interest under a lease for a term of twenty-five years from June 1, 1910. At the trial he adduced evidence tending to show the following facts: that on August 16, 1892, John K. Sumner conveyed the land in question to Bruce Cartwright in trust "in the first place to pay the rents, issues and profits arising therefrom or thereout so long as the lease now in existence is in force" to the grantor "and upon the expiration of the present lease or other sooner determination thereof to pay the rents, issues and profits arising from or out of said land" to the grantor's nephew Robert Wyllie Davis, the present defendant, "during the term of his natural life or in the discretion of the said Robert Wyllie Davis to permit him to reside upon said premises and while so residing to use the same for grazing or agricultural purposes; and in the second place from and after the death of the said Robert Wyllie Davis to convey the said premises to the heirs of the body of said Robert W. Davis lawfully begotten and failing such heirs of his body, then to the wife if living of the said Robert W. Davis, and failing such wife, then to convey the said premises unto the heirs at law of the said Robert W. Davis share and share alike"; that Cartwright resigned as trustee and that John D. Holt Jr., was on August 29, 1902, appointed as his successor by a court of equity; that on June 1, 1910, Holt as trustee executed a lease of the property to A. V. Gear for 25 years from June 1, 1910, the lessor consenting that the lessee should "have peaceable and quiet possession of said land during said term"; that not later than August 4, 1910, the defendant signed and acknowledged the following statement, apparently as a part of

the same transaction, and in any event relating to the lease just mentioned: "Know all men by these presents, that I, Robert Wyllie Davis of Mokapu, Koolaupoko, Island of Oahu, and I, Mary Kealohanui Davis, wife of Robert Wyllie Davis, do each of us give our consent to the foregoing lease, ratifying and confirming the same on behalf of any interest we have or which may hereafter accrue to either of us in the future under the terms of the aforementioned Deed of Trust"; that on June 16, 1910, A. V. Gear executed an assignment to defendant of an undivided one-half interest in the Holt lease and in the premises thereby demised, the instrument of assignment not appearing, however, to have been signed by defendant; that A. V. Gear's remaining undivided one-half interest in the lease and in the demised premises passed by successive assignments to C. A. Peterson and to Addie B. Gear and finally, on October 21, 1910, to the plaintiff.

At the conclusion of the plaintiff's case the defendant moved for a non-suit on the following grounds: "(1) that the evidence of the plaintiff showed affirmatively that there was a lease outstanding when the lease to Gear, under which plaintiff claimed, was made by Holt, Trustee; (2) that plaintiff had failed to deraign his title from the government; (3) that the Statute of Uses had executed the trust, and that the defendant was the owner of a life interest in the property, and that therefore the lease to Holt, Trustee, was invalid; (4) that the plaintiff had failed to show, nor is there any evidence tending to show that the plaintiff is entitled to an undivided half for a term of years until June, 1935, of the land of Mokapu as set forth in Paragraph 1 of the Complaint; (5) that the plaintiff has failed to show and there is no evidence either competent or otherwise tending to show that plaintiff had any interest in the land known as Mokapu aforesaid". The motion was granted on the first and second grounds. Plaintiff excepts. The grounds of the motion will be considered in their order.

1. The deed of trust introduced in evidence by the plaintiff

did tend to show that at the date of its execution a lease of
Mokapu was outstanding. That lease, undoubtedly, while in
force would be effective as against any lease executed by the
trustee. Assuming that from the mere fact of the existence
of the earlier lease a presumption could be indulged in of the
continuance of that lease in force until the contrary was shown,
that presumption was sufficiently overcome, *prima facie,* by
the plaintiff. He introduced in evidence the answer filed by
this same defendant in July, 1912, in a partition suit in which
the present plaintiff was in interest the real party plaintiff.
In that answer the defendant, after reciting the Sumner deed of
trust, alleged that "pursuant to said trust deed, with the per-
mission of the grantee therein named, this respondent on said
last named day" (August 16, 1892) "went into possession of
said premises to reside thereon and use the same for grazing and
agricultural purposes and ever since has been in possession
thereof and residing thereon and using the same for grazing and
agricultural purposes." This constituted an admission on the
defendant's part that as early as August 16, 1892, the lease
referred to in the deed of trust ceased in some manner to exist.
Without a determination of that lease, the defendant could not,
whether with or without the trustee's "permission", have exer-
cised the discretion vested in him by the trust deed to reside
upon the land, take possession of it and use it for grazing or
agricultural purposes. This admission was competent evidence
of the determination of the earlier lease and until rebutted is
sufficient to sustain plaintiff's case upon the point.

2. Ordinarily, upon an issue of title, the plaintiff introduces
evidence to prove that his title was in its inception derived from
the government and thence passed to him by mesne conveyances,
devise, descent or adverse possession. In the case at bar there
was no evidence tending to show how the title passed from the
government to Sumner. The plaintiff's claim is that it was not
necessary for him to deraign title from the government, because
by the introduction of this defendant's answer, already referred

Harrison v. Davis, 22 Haw. 51.

to, in the suit for partition, he had shown that both parties to the litigation claimed title from the same source, that is, from the Sumner deed of trust. The defendant, on the other hand, calls attention to the fact that neither in his answer nor otherwise in the case at bar has he disclosed from what source he now claims title and that therefore the rule invoked by the plaintiff is inapplicable. It is doubtless well established that, as it has been variously stated, "when it appears in an action of ejectment that both parties claim title from the same grantor neither can take advantage of alleged defects in the chain of title prior to the common source" *(McCandless* v. *Plantation Co.,* 19 Haw. 239); "if both parties claim title from the same source, neither is at liberty to deny that such person had title" *(Gaines* v. *New Orleans,* 6 Wall. 642, 715); "a party is estopped from denying a title under which he claims to derive his own right to the premises" *(Carson* v. *Dundas,* 39 Neb. 503, 510). In the cases in which this rule is enforced in its entirety, the defendant has asserted, in the very action in which title is being tried, his claim to the title solely as coming from the common source. The rule itself is simply an application of the principle of estoppel. In the case at bar the defendant has not yet disclosed from what source he claims to derive title. The mere fact that in the suit for partition he pleaded a title derived from Sumner does not estop him from setting up, if he can, a title superior in its origin to Sumner's. All that was required of him in the suit for partition, in order to obtain a trial at law, was to show that he disputed in good faith the plaintiff's claim of title. He may now continue in equal good faith, to dispute the title, even though he sets up a claim of a different or superior title. The rule of estoppel does not apply and proof that Sumner had title was therefore necessary. A *prima facie* showing of that fact was made, however, by the plaintiff by the introduction in evidence of the defendant's answer in the partition suit. In that document, signed by the defendant personally,

he alleged that on "the 16th day of August, 1892, one John K. Sumner, for a good and valuable consideration, by indenture of deed of even date" (further describing it) "did grant, bargain and sell unto one Bruce Cartwright, his heirs and assigns forever, said piece or parcel of land called and known as 'Mokapu', in trust", setting forth the same trusts above recited. The allegations in a pleading in one suit, while open to explanation or rebuttal, are receivable against the party in a subsequent suit as his solemn admission of the truth of the facts so alleged. 11 A. & E. Ency. L. 449; 1 Greenleaf, Ev., §212; *Blanks* v. *Klein,* 53 Fed. 436, 438. The allegation just quoted from the answer in partition was a solemn admission by defendant of the truth of the fact that Sumner did by the trust deed convey to the trustee the title to Mokapu and therefore, by necessary inference, of the further fact that immediately prior to the execution of the deed the title was in Sumner. The defendant may, if he can, explain or rebut his admission, but until he does so it stands as a *prima facie* showing of title in Sumner at the time mentioned. See *Anderson* v. *Reid,* 10 App. Cs., D. C. 426, 429; *Smith* v. *Lindsey,* 89 Mo. 76, 79, 80; *Bonds* v. *Smith,* 106 N. C. 553, 565; *Brown* v. *Brown,* 45 Mo. 412, 415; 2 Greenleaf, Ev., §307. It may be added that in some of the decisions on the subject there is, perhaps, an inexactness of statement, resulting in an apparent confusion of the rule, on the one hand, that evidence of title back of the common source is not necessary when both parties at the trial claim solely from the common source and when, therefore, each is estopped to deny that the title was in the common source and of the principle, on the other hand, that a defendant's solemn admission in a pleading in another suit of the truth of the fact that the title was in the so-called common source constitutes evidence, available to his adversary, of that fact; but none of them, as far as we are aware, can be properly regarded as authorities against the view here adopted.

3.   Under the third ground of the motion for a non-suit

the defendant's contention is that "the trust as to the life estate to Davis is a mere passive one and the use must be considered as executed"; that "an absolute life estate vested" in Davis and that "hence the lease to Gear was a nullity, the legal and equitable estate was merged in Davis and Holt had no title and could give no title". It is settled in this jurisdiction that to the application of the statute of uses "there are certain well defined exceptions or rather rules of construction which limit the effect of the statute", that special or active trusts were never within the purview of the statute and that "if the purpose of the trust is to protect the estate for a given time or until the death of some one, * * * the operation of the statute is excluded and the trusts or uses remain mere equitable estates". *Estate of Boardman*, 5 Haw. 146, 147; *Kidwell* v. *Godfrey*, 14 Haw. 138, 140. The trust under consideration was, after the termination of the lease referred to in the deed, to pay the rents, issues and profits to Davis for life or in the discretion of Davis to permit him to reside upon the land and while so residing to use it for grazing or agricultural purposes. The right was not granted to Davis to use the land directly for the remainder of his life, but only during the period or periods when he might see fit to reside on it; nor was the right given him even during these periods of residence to use the land for any and all legitimate purposes. Both the time and the manner of the use were restricted. It is obvious that one of the purposes of the trust was to protect the estate even as against Davis himself at least until the death of Davis, and thereafter to convey the remainder to those entitled under the terms of the instrument. Even as to the interests of Davis, this was not a mere passive trust. The trustee had active duties to perform for the protection of the property and the trust as to Davis is not within the operation of the statute.

4 and 5. In the light of the rulings above made the plaintiff made a *prima facie* showing of ownership of at least an undivided one-half interest in the lease from Holt. It need only be added

that the possibility of the Holt lease being inoperative by reason of an exercise by Davis of his right to reside on the property and to use it for grazing or agricultural purposes was excluded, *prima facie*, by plaintiff's proof that Davis executed the document already referred to whereby he consented to the lease and ratified and confirmed it. Whatever other legal effects may be attributable to that document, it was operative at least as a waiver by Davis of his right to reside upon and so use the property.

The exceptions are sustained, the judgment set aside and the cause remanded with directions to deny the motion for a nonsuit and to take such further proceedings, not inconsistent with this opinion, as may be appropriate.

*W. B. Lymer (Thompson, Wilder, Watson & Lymer* on the brief) for plaintiff.

*E. C. Peters* for defendant..

### CONCURRING OPINION OF ROBERTSON, C.J.

I concur in the opinion of the majority of the court but desire to place my concurrence on the second point upon a different ground. In an action of ejectment or to quiet title to land it is incumbent on the plaintiff to prove title and he ordinarily does that by deraigning the title from its origin. But where there is a subsequent common source from which both plaintiff and defendant claim title to the premises in dispute the state of the title anterior to that source is immaterial since though it be defective the defendant would be estopped from taking any advantage of the defect. The fact that the parties claim title from a common source may be made to appear by stipulation as in the case of *Nahaolelua* v. *Heen*, 20 Haw. 613, or by evidence adduced by the defendant as in the case of *McCandless* v. *Honolulu Plant. Co.*, 19 Haw. 239. In the case at bar there was no stipulation between the parties, but counsel for the plaintiff contend that the plaintiff could and did show *prima facie* that he and the defendant do claim from a

common source, namely, the deed from Sumner to Cartwright. I think that this contention is correct. The cases of *Anderson* v. *Reid, Smith* v. *Lindsey* and *Bonds* v. *Smith,* cited in the majority opinion, show that the plaintiff in a case of this kind, instead of tracing his title back to its original source, may show that there is an intermediate common source of claim and then trace his title down from that source, as was done here. The following cases are to the same effect. *Mobley* v. *Griffin,* 104 N. C. 112, 115; *Laidley* v. *Land Co.,* 30 W. Va. 505, 509; *Finch* v. *Ullman,* 105 Mo. 255; *Mitchell* v. *Cleveland,* 57 S. E. (S. C.) 33. In *Holbrook* v. *Brenner,* 31 Ill. 501, 511, the court said, "When it is found that the defendant has purchased by deed, and is in possession of the premises, it is *prima facie* evidence that he claims under that title. And if he and plaintiff claim from the same source, it is not necessary for the latter to trace his title further in the first instance. When he exhibits a title from the same source better than that of the defendant, it is sufficient to put him upon his defense." And in *Millis* v. *Roof,* 121 Ind. 360, 363, it was held that "If the defendant asserts any other or superior title, or a title adverse to that under which plaintiff claims, it lies upon him to bring it forward." See also 2 Greenleaf, Ev. Sec. 307.

The statement contained in the answer of the defendant in the partition suit that he entered and took possession of the land pursuant to the trust deed to Cartwright was evidence that the deed is the source of title under which he claims as well as being the source of the plaintiff's claim. In other words, a common source of title was shown. The defendant may, if he can, show in defense that his title from the common source is as good or better than that of the plaintiff, or that he has and claims under another and superior title. But when the plaintiff rested he had made out a *prima facie* case, and the non-suit should not have been granted.