Syllabus.

MARY ELIZABETH KAIHENUI *v.* EMMA AONA, W. H. BEERS, GUARDIAN OF A. A. KAULUKOU, AND W. H. BEERS, TRUSTEE.

No. 1095.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT. HON. C. K. QUINN, JUDGE.

SUBMITTED APRIL 21, 1919.          DECIDED MAY 6, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

DEEDS—*partition.*

> The fact that a party who has no interest in the property joins in a partition deed does not vest any interest in him although the deed purports so to do, there being no consideration for the grant to him.

EVIDENCE—*common source of title.*

> The fact that a plaintiff offers in evidence a conveyance which he designates as a common source of title does not preclude the defendant from contradicting such evidence and denying that any common source of title exists.

OPINION OF THE COURT BY EDINGS, J.

This is an action of ejectment instituted by the plaintiff-appellant in the circuit court of the fourth circuit for "all of that certain piece of land situate at Waiakea, district of South Hilo, County and Territory of Hawaii, and in the circuit aforesaid, being a part of Royal Patent 1873, Land Commission Award 5157, to Kuahopu" and "containing an area of 4 3/10 acres." The case was tried by the court without the intervention of a jury, the same having been expressly waived. At the conclusion of the trial the court rendered a decision in favor of the defendants and against the plaintiff.

In 1855 Kuahopu obtained a Royal Patent, 1873, L. C. A. 5157, for 12.20 acres of land of which the land in question

formed a part (Defendants' Exhibit 3). In 1865 Kuahopu devised this land to Kapumauu (w) (Defendants' Exhibit 2). In 1873 Kapumauu (w) by deed conveyed this land to her two granddaughters, Emma Kaaewaihau and Emele Kamakaoumi, who were sisters. Emele Kamakaoumi married Thomas Forbes and had issue, the "Forbes minors" mentioned in the alleged partition deed (Plaintiff's Exhibit B). Kaaewaihau had issue, Aki Aona also called Charles Aki Aona, and Ahong also called A. A. Kaulukou. Aki Aona died April 2, A. D. 1911 (Plaintiff's Exhibit E), leaving him surviving a daughter, Emma Aona. Kaaewaihau died insane and intestate January 10, A. D. 1912 (Plaintiff's Exhibit F), leaving as her heirs at law her son, A. A. Kaulukou, and a granddaughter, the said Emma Aona, the daughter of her deceased son, Aki Aona.

The plaintiff bases her claim to her alleged interest in the said property upon a deed from Charles Aki Aona to (her) Mary Elizabeth Kaihenui, dated November 24, 1906 (Plaintiff's Exhibit C), wherein and whereby the said Charles Aki Aona conveyed the entire tract of land containing an area of 4 3/10 acres and also upon a certain alleged partition deed made and executed between B. H. Brown, guardian of Kaaewaihau (w), an insane person, B. H. Brown, guardian of Ah Hung (k), a minor son of Kaaewaihau, Aki (k), a son and heir of Kaaewaihau, Thomas Forbes and Thomas Forbes, guardian of Mary Forbes, John Forbes, Thomas Forbes, Jr., and Emma Forbes, the minor heirs of Kamakaoumi, deceased, dated February 1, 1904, and acknowledged March 14, 1904 (Plaintiff's Exhibit B), which last conveyance plaintiff also claims to be the common source of title whereby both the plaintiff and defendants claim. This claim of a common source of title is repudiated and denied by the defendants.

The first exception taken upon the trial by the plaintiff-

appellant was to the introduction in evidence by the defendants of a certain deed from Kapumauu to Kaaewaihau (w) and Kamakaoumi, dated September 20, 1873, "upon the ground that it is incompetent, irrelevant and immaterial; that it violates the estoppel which works against the two defendants in this case by showing or attempting to show the title beyond the common source of title which is (plaintiff's) Exhibit 'B' in this case."

The estoppel relied upon by the plaintiff-appellant in this exception is not discernible. Estoppels are created by the party to be bound and are not manufactured by his opponent and cast upon him. We have failed to discover, in the record, any evidence tending to show any act or omission on the part of the defendants which could be construed as an estoppel, nor has the plaintiff-appellant even availed herself of the benefit of the statute in this jurisdiction upon "title through a common source" (Act 80, S. L. 1915). The fact that a plaintiff offers in evidence a conveyance which he designates as a common source of title does not preclude the defendant from disputing and contradicting such evidence and denying that any common source of title exists and of establishing the fact that he claims from a different source unless he is estopped by some act or omission of his own from so doing. *Harrison* v. *Davis*, 22 Haw. 55. This exception we regard as without merit and the same is overruled.

It may not be inappropriate at this time to consider the two instruments (Plaintiff-appellant's Exhibits B and C) under and by virtue of which she claims an interest in the property described in her complaint and upon the validity of which claim depends her right to recover in this action. Exhibit B, purporting to be a partition deed entered into between B. H. Brown, guardian of Kaaewaihau (w), an insane person, B. H. Brown, guardian of Ah Hung (k), a minor son of Kaaewaihau, Aki (k), a son and heir of Kaaewaihau, Thomas Forbes and Thomas Forbes, guardian

of Mary Forbes, John Forbes, Thomas Forbes, Jr., and Emma Forbes, the minor heirs of Kamakaoumi (w) deceased. The Aki mentioned in this conveyance is also known as Charles Aki Aona and was a son of Kaaewaihau (w), who at the time of the execution of this conveyance was an inmate of the insane asylum at Honolulu and who survived the said Aki (Charles Aki Aona) several months. The said Aki, plaintiff's grantor, joins in this alleged partition deed but we are unable to discover from the record for what purpose, as he was a stranger to the title and did not possess any interest in the land so granted and consequently was estopped from receiving any under this instrument. The attempted grant of any interest in the property to him by said partition deed being void it follows that his (Aki's) deed to the plaintiff-appellant (Exhibit C) of any interest in this property is necessarily a mere nullity as up to the time of his death, which occurred during the lifetime of his mother (Kaaewaihau), the record does not disclose that he at any time became seized of an interest in the land. We are therefore forced to the conclusion, and so decide, that the plaintiff-appellant has failed to sustain her claim or support her action by any evidence whatsoever and this action might well have been disposed of by the trial court upon the conclusion of plaintiff-appellant's evidence.

There were a number of exceptions taken by the plaintiff-appellant during the course of the trial and to the decision, all of which have received due consideration by this court but we do not deem it necessary to comment thereupon as they are one and all without merit.

The exceptions are overruled, the decision affirmed and the cause remanded to the circuit court for further proceedings consistent with this opinion.

*Carlsmith & Rolph* for plaintiff.

*J. W. Russell* for defendants.