H. P. HUSTACE, Plaintiff-Appellee, *v.* MARY A. JONES, LOUISE N. CASTOR, EUGENE K. DUVAUCHELLE and LYLE DUVAUCHELLE, Defendants-Appellants

NO. 7143

CIVIL NO. 2989

JUNE 17, 1981

HAYASHI, C.J., PADGETT, J. AND CIRCUIT JUDGE FONG, IN PLACE OF BURNS, J., DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

This case involves a dispute between two landowners on the Island of Molokai over the location of the common boundary between their properties. Although it was a quiet title action, no attempt was made to join unknown persons who may claim an interest in the property in question. Accordingly, the decree below adjudicated rights only as between the parties to the action.

The court below held that the boundary line was as alleged in the plaintiff's complaint. From this determination, the defendants appeal.

Essentially, two points are raised on appeal. One is that appellee's possession to the fence erected between the properties was not hostile because he did not purport to claim more property than he owned and the second is that appellee failed to prove title to the small triangular piece comprising of 1,367 square feet lying just makai of the Government Road, easterly of the fence and westerly of the boundary of appellants' land. We hold that adverse possession to the fence was adequately proved but that appellee failed to prove title to the triangular piece of land.

Appellee acquired his premises in approximately 1934. At that time, according to him, there was an old fence, running from the Government Road to the sea between the properties in question, which was in a bad state of disrepair. He erected a fence on the same line and maintained it until approximately 1972, grazing his cattle on the land up to the fence throughout the interim period. He testified that he believed that the fence was the boundary of his property.

This testimony adequately established adverse possession for the requisite statutory period up to the line of the fence. *Minatoya v. Mousel,* 2 Haw. App. 1, 625 P.2d 378 (1981).

The triangular piece along the road comprising of 1,367 square feet was beyond the fence. Appellee contends it lies westerly of appellants' boundary as testified to by the surveyor at trial. This may be true but in an action to quiet title, the burden is upon the plaintiff to establish his title to the land. *Harrison v. Davis,* 22 Haw. 51 (1914); *Harrison v. Davis,* 22 Haw. 465 (1915).

There is no testimony that appellee possessed or used the triangular piece so his title cannot be based upon adverse possession.

Appellee's paper title is to Land Commission Award 237-U to Loika. Appellee asserts that that parcel lies directly to the westerly of appellants' property.

However, the surveyor testified in explicit terms that the survey line shown on Exhibit 2 was the boundary of appellants' property and that he had not shown the actual boundary of the Loika and Hitchcock Awards (appellee's property) and did not mean to infer that the surveyed line was the line of the Loika Award. Thus, while Exhibit 2 appears to reflect that Land Commission Award 237-U to Loika adjoins the westerly boundary of Grant 2531 to Jones, the testimony of the surveyor makes it clear that that was, in fact, not what was meant by the exhibit.

Appellee argues, nevertheless, that the surveyed line was determined by the boundary between the Ahupuaas of Kaluaaha and Mapulehu and that Land Commission Award 237-U in Kaluaaha and Grant 2531 in Mapulehu were therefore adjoining properties. There is no testimony which supports the latter contention. Certainly, Exhibit 3, the Territorial Survey Map relied upon, does not do so. As a matter of fact, it shows two dotted lines between Land Commission Award 237-U and Grant 2531 without designating which is the boundary of what property or even which is the boundary between the two ahupuaas. We note that the boundary between the two ahupuaas apparently jogs a considerable distance along on the makai side of the Government Road.

The decided cases in the Hawaii Reports make it clear that the original surveys of land commission awards are frequently inaccurate; sometimes overlap; and sometimes leave gaps between apparently adjoining properties. Had appellant produced evidence of the metes and bounds of Land Commission Award 237-U (which obviously is available), the easterly boundary might have included the triangular piece. But no such evidence was produced.

Appellee failed to prove title to the triangular piece but did prove title by adverse possession of the property up to the fence. The case is therefore affirmed in part and reversed in part and remanded for entry of an amended decree excluding the triangular portion from the property to which title is quieted in the appellee.

Reversed and remanded for further proceedings not inconsistent herewith.

*Michael T. I. Kim (William Sandkuhler III* with him on the brief) for appellants.
*Louis B. Blissard* for appellee.